[No. 10768–0–III.   Division Three.   June 13, 1991.]

THE STATE OF WASHINGTON, *Respondent,* v. ROLAND TIJERINA, *Appellant.*

---

*C.E. Hormel,* for appellant.

*Dennis W. Morgan, Prosecuting Attorney,* and *Gayle M. Petrusic, Deputy,* for respondent.

GREEN, C.J.—Roland Tijerina was arrested and subsequently charged with possession of cocaine with intent to deliver. He moved to suppress the evidence on the basis the arrest and search of his locked car trunk was illegal. The motion was denied and he was convicted of the lesser included offense of possession of a controlled substance. He appeals and we reverse.

On August 17, 1989, Sergeant Kris Boness and Trooper Ron Sandberg of the Washington State Patrol observed a

1977 Oldsmobile traveling eastbound on Interstate 90 near Ritzville at 55 miles per hour. The troopers stopped the car when they observed it cross the fog line approximately 2 feet and then return to the inside lane. The driver identified himself as Mr. Tijerina and the passenger as Roman Gonzalez. Sergeant Boness found their driver's licenses and vehicle registration valid and decided not to issue a citation. At the time Mr. Tijerina opened the glove box to obtain the registration, Sergeant Boness noticed several small bars of soap, the kind commonly given out at motels. Sergeant Boness testified

> that his passenger also appeared to be Hispanic.
> I'm very familiar with the narcotics trade in the Spokane area, and there's dozens of investigations monthly in the motels up there regarding Hispanics selling controlled substance[s].
>
> . . . .
> At this point I did ask him if there were any guns or drugs in the vehicle, and he immediately responded to me that there were not. I asked him if he cared if I looked in the vehicle at this time and he stated, "Go ahead."

After Mr. Tijerina exited his vehicle, Sergeant Boness asked him to sign a consent–to–search card. He refused to sign the card, but stated the sergeant could nevertheless search the car. Finding nothing in the interior of the car, the sergeant retrieved the car keys from the console and went back to the trunk of the car where Mr. Tijerina was standing. He asked him if there was anything in the trunk, to which Mr. Tijerina replied, "just a case of beer". Since Mr. Tijerina was 20 years old, the sergeant opened the trunk, finding a case of empty beer bottles. He noticed a folded newspaper and picked it up. Because it felt heavy, he unfolded it finding a foil–wrapped bag containing 10 smaller bags of what appeared to be cocaine. Messrs. Tijerina and Gonzalez were arrested, read their *Miranda* rights and taken into custody.

The dispositive issue is whether the troopers exceeded the scope of the investigative stop for a traffic violation.

The stop of an automobile is a seizure of its occupants and must therefore be reasonable. *State v. Kennedy*,

107 Wn.2d 1, 4, 726 P.2d 445 (1986). In evaluating investigative stops, the court must determine: (1) Was the initial interference with the suspect's freedom of movement justified at its inception? (2) Was it reasonably related in scope to the circumstances which justified the interference in the first place? *Terry v. Ohio,* 392 U.S. 1, 19–20, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968); *State v. Williams,* 102 Wn.2d 733, 739, 689 P.2d 1065 (1984). In determining the proper scope of the intrusion, the court considers (1) the purpose of the stop, (2) the amount of physical intrusion, and (3) the length of time the suspect is detained. *Williams,* at 740.

█ Here, the initial stop of Mr. Tijerina for crossing over the fog line was justified. The sergeant's request to verify Mr. Tijerina's license and registration was reasonably related to the purpose of the stop. However, once the sergeant made the decision not to issue a citation and returned the driver's license and registration to Mr. Tijerina, any further detention had to be based on articulable facts from which the sergeant could reasonably suspect criminal activity. *State v. Gonzales,* 46 Wn. App. 388, 394, 731 P.2d 1101 (1986).

Here, the sergeant stated his suspicions were based on his observation of the bars of soap, the fact Mr. Tijerina and his companion were Hispanic and his knowledge of drug activity by Hispanics in motels in the Spokane area. The presence of motel–sized bars of soap in a vehicle driven by Hispanics is innocuous and does not evidence suspicious criminal activity. The fact some Hispanics are known to engage in drug trafficking in motels is not sufficient evidence to create a reasonable suspicion Mr. Tijerina was engaged in such activity. More is required. Thus, we conclude the sergeant's investigation after he decided not to issue a citation exceeded the scope of the initial stop and was improper unless Mr. Tijerina's subsequent consent to the search of his car sufficiently purged the taint of the illegal detention. *State v. Gonzales, supra* at 399.

In evaluating the effect of the consent, we must consider (1) the temporal proximity of the detention and subsequent consent, (2) the presence of significant intervening circumstances, (3) the purpose and flagrancy of the official's conduct, and (4) the giving of *Miranda* warnings. *Taylor v. Alabama*, 457 U.S. 687, 690, 73 L. Ed. 2d 314, 102 S. Ct. 2664 (1982); *State v. Jensen*, 44 Wn. App. 485, 490, 723 P.2d 443, *review denied*, 107 Wn.2d 1012 (1986).

Here, there were no intervening circumstances between the illegal detention and the consent to search. The purpose of the stop was satisfied when the sergeant decided not to issue a citation and his subsequent conduct was based on unjustified suspicion. Further, *Miranda* warnings were not given prior to obtaining the consent. But for the illegal detention, the consent would not have been obtained. Thus, the evidence should have been suppressed.

Reversed.

THOMPSON and SHIELDS, JJ., concur.

Reconsideration denied July 24, 1991.