56 P.3d 598 (2002)
STATE of Washington, Respondent,
v.
Teresa Kay WAYMAN-BURKS, Appellant.
No. 20354-9-III.
Court of Appeals of Washington, Division 3, Panel Ten.
October 24, 2002.
*599 James E. Egan, Attorney at Law, Kennewick, WA, for Appellant.
Terry J. Bloor, Deputy Prosecuting Attorney, Kennewick, WA, for Respondent.
KATO, J.
Teresa Wayman-Burks was convicted of possession of heroin. Claiming the initial stop of the vehicle in which she was riding was unlawful so her motion to suppress should have been granted, she appeals. We affirm.
On March 4, 2001, Officer Walters stopped a vehicle driven by Willy Davis because it had a "severely cracked windshield." Clerk's Papers at 27, 30. Officer Walters learned that Mr. Davis had two outstanding arrest warrants and took him into custody. Ms. Wayman-Burks was a passenger.
Officer Walters searched the vehicle incident to Mr. Davis's arrest and found drug paraphernalia. The officer spoke with Ms. Wayman-Burks, who struggled with him. He found a syringe loaded with heroin on her person.
The State charged Ms. Wayman-Burks with unlawful possession of a controlled substance heroin. Claiming the cracked windshield was not an obstruction upon the windshield under RCW 46.37.410, she moved to suppress the evidence because the officer was thus not entitled to stop the vehicle. The court denied her motion.
Ms. Wayman-Burks was convicted after a stipulated facts trial. This appeal follows.
In reviewing a suppression motion, we independently evaluate the evidence to determine whether substantial evidence supports the findings and whether the findings support the conclusions. State v. Rankin, 108 Wash.App. 948, 954, 33 P.3d 1090 (2001). Evidence is substantial when it is sufficient to persuade a fair-minded, rational person of the truth of the finding. State v. Hill, 123 Wash.2d 641, 644, 870 P.2d 313 (1994). We review de novo the trial court's conclusions of law pertaining to suppression of evidence. State v. Mendez, 137 Wash.2d 208, 214, 970 P.2d 722 (1999).
*600 RCW 46.61.021(2) authorizes officers to detain persons for traffic infractions "for a reasonable period of time necessary to identify the person, check for outstanding warrants, check the status of the person's license, insurance identification card, and the vehicle's registration, and complete and issue a notice of traffic infraction." A traffic detention is a seizure and must have been justified in its inception to be lawful. State v. Tijerina, 61 Wash.App. 626, 628-29, 811 P.2d 241 (citing Terry v. Ohio, 392 U.S. 1, 19-20, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Williams, 102 Wash.2d 733, 739, 689 P.2d 1065 (1984)), review denied, 118 Wash.2d 1007, 822 P.2d 289 (1991). The detention thus must be based on "a well founded suspicion based on objective facts" that the person is violating the law. State v. Sieler, 95 Wash.2d 43, 46, 621 P.2d 1272 (1980); see State v. Duncan, 146 Wash.2d 166, 43 P.3d 513 (2002) (Terry stop for traffic infraction is lawful). An officer's suspicions will justify a search only if he can "point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion." Terry, 392 U.S. at 21, 88 S.Ct. 1868.
RCW 46.37.010(1) provides in pertinent part:
It is a traffic infraction for any person to drive or move or for the owner to cause or knowingly permit to be driven or moved on any highway any vehicle or combination of vehicles which is in such unsafe condition as to endanger any person.
This statute and RCW 46.61.021 authorize an officer to stop the driver of a vehicle whose windshield is in such an unsafe condition as to endanger any person.[1]See State v. Reynolds, 144 Wash.2d 282, 284-86, 27 P.3d 200 (2001) (assuming sub silentio that a traffic stop for a cracked windshield was lawful); State v. Feller, 60 Wash.App. 678, 682, 806 P.2d 776 (noting that an officer lawfully stopped a vehicle with a cracked windshield and no gas cap and whose driver failed to signal a lane change), review denied, 117 Wash.2d 1005, 815 P.2d 265 (1991).
RCW 46.37.010(1) permitted the officer to make the stop. Officer Walker's conduct was objectively reasonable, and Ms. Wayman-Burks has not presented evidence that the officer had another, subjective reason to initiate the stop. The record therefore contains no indication that the stop was "pretextual." See State v. Ladson, 138 Wash.2d 343, 358-59, 979 P.2d 833 (1999). The trial court properly denied the motion to suppress and admitted into evidence the heroin found on Ms. Wayman-Burks.
Affirmed.
WE CONCUR: BROWN, C.J., and KURTZ, J.
NOTES
[1] The trial court based its decision on reading RCW 46.37.410(2) in conjunction with RCW 46.37.010(1). However, RCW 46.37.410(2) deals with materials placed "upon" a windshield. Because the crack is a defect in the windshield itself, RCW 46.37.410(2) does not apply.