150 P.3d 1178 (2007)
STATE of Washington, Appellant,
v.
Carla Rae VELTRI, Respondent.
No. 24861-5-III.
Court of Appeals of Washington, Division 3.
January 25, 2007.
*1179 Kevin Michael Korsmo, Spokane, WA, for Appellant.
Eric J. Nielsen, David Bruce Koch, Nielsen Broman & Koch PLLC, Seattle, WA, for Respondent.
BROWN, J.
¶ 1 Today, the State appeals the trial court's suppression order in its prosecution of Carla Veltri for possessing methamphetamine with the intent to deliver. Because the facts found by the trial court support its legal conclusion that an unwarranted general search occurred, we affirm.

FACTS
¶ 2 The facts are drawn from the court's findings. Officer Allen Edwards noticed a truck with mismatched license plates and decided to investigate to see if it was stolen. He saw the driver lawfully park and get out with two passengers. One passenger ran, and although Officer Edwards followed, he got away. When Officer Edwards returned to the truck, he saw the driver and the other passenger walking away. He contacted the driver and identified her as Carla Veltri. The other passenger was arrested on a warrant, but the later questioning and search of the truck was not incident to that arrest.
¶ 3 Officer Edwards asked Ms. Veltri if she owned the truck. At first Ms. Veltri said she did not, and later explained she had borrowed it. Ms. Veltri possessed solely a Washington identity card and she did not have the vehicle registration or proof of insurance. Officer Edwards learned the rear license plate belonged to the vehicle. The truck had not been reported stolen. Officer Edwards turned his attention elsewhere after he decided not to issue an infraction.
¶ 4 Officer Edwards decided Ms. Veltri was not free to leave because he wanted to search further for "possible contraband or weapons" even though he knew "the vehicle had not been reported stolen." Clerk's Papers at 71, 72. Without advising her of her consent rights, Officer Edwards asked Ms. Veltri if he could look inside the truck. Ms. Veltri did not care, and nothing suspicious was found. Officer Edwards then asked Ms. Veltri for permission to search two suitcases in the truck bed. Ms. Veltri told Officer Edwards the suitcases were not hers and she did not care if he searched them. Controlled substance contraband was found in one suitcase.
¶ 5 Officer Edwards arrested Ms. Veltri. The State charged her with possessing a controlled substance, methamphetamine, with intent to deliver. Ms. Veltri successfully moved to suppress the evidence over the State's argument that the suitcases were abandoned. The court concluded the officer's search exceeded the scope of the initial stop and Ms. Veltri's consent was involuntary. After suppressing the evidence, the court dismissed the case. The State appealed.

ANALYSIS
¶ 6 The issue is whether, considering the State's abandonment theory, the trial court erred in suppressing the evidence seized in the warrantless suitcase search.
¶ 7 We review a trial court's findings of fact in a motion to suppress for substantial evidence. State v. Mendez, 137 Wash.2d 208, 214, 970 P.2d 722 (1999). Unchallenged findings of fact are verities on *1180 appeal. State v. Acrey, 148 Wash.2d 738, 745, 64 P.3d 594 (2003). We review a trial court's conclusions of law de novo. Id. The court's conclusions of law must be supported by its findings of fact. State v. Dodson, 110 Wash.App. 112, 123, 39 P.3d 324 (2002). Unargued assignments of error in an opening brief are deemed abandoned. Fosbre v. State, 70 Wash.2d 578, 583, 424 P.2d 901 (1967).
¶ 8 The State relies on State v. Evans, 129 Wash.App. 211, 224, 118 P.3d 419, review granted, 157 Wash.2d 1001, 136 P.3d 758 (2006), for the proposition that an individual's denial of ownership of a specific item in response to police questioning is an abandonment and waiver of any privacy rights in that property. On the other hand, police questioning must fall within the scope of the circumstances that initially justify an interference or detention. State v. Armenta, 134 Wash.2d 1, 15-16, 948 P.2d 1280 (1997).
¶ 9 If a traffic stop is initially justified, the detention length and scope must be reasonably related to the circumstances justifying the stop. RCW 46.61.021(2); State v. Kennedy, 107 Wash.2d 1, 4, 726 P.2d 445 (1986); State v. Tijerina, 61 Wash.App. 626, 628-29, 811 P.2d 241 (1991). Once the initial stop purpose is accomplished, any further detention must be based on "`articulable facts giving rise to a reasonable suspicion of criminal activity.'" Armenta, 134 Wash.2d at 15-16, 948 P.2d 1280 (quoting State v. Cantrell, 70 Wash.App. 340, 344, 853 P.2d 479 (1993)). In other words, "police officers may not use routine traffic stops as a basis for generalized, investigative detentions or searches." State v. Henry, 80 Wash.App. 544, 553, 910 P.2d 1290 (1995).
¶ 10 Here, the trial court found Officer Edwards stopped Ms. Veltri to investigate the mismatched license plates and a possibly stolen truck. The rear license plate was valid. The truck was not reported stolen. Officer Edwards decided not to issue an infraction. The stop was extended by securing uninformed consent to search the truck-cab, where nothing suspicious was found, and later, two suitcases in the truck-bed. Ms. Veltri denied suitcase ownership and declared her lack of care about the extended searches. From this, the court concluded Officer Edwards switched his investigatory focus to looking for contraband and weapons.
¶ 11 First, the State argued solely abandonment in its opening brief, not mentioning its other assignments of error. Thus, we do not analyze the State's other assignments of error. Fosbre, 70 Wash.2d at 583, 424 P.2d 901. Even so, given the facts, substantial evidence supports the court's findings. Mendez, 137 Wash.2d at 214, 970 P.2d 722.
¶ 12 Second, our focus is whether the facts support the trial court's conclusions. Officer Edwards dispelled his stolen truck suspicions and decided not to issue an infraction, resolving the initial stop purposes. See Armenta, 134 Wash.2d at 13, 15-16, 948 P.2d 1280; Henry, 80 Wash.App. at 550, 910 P.2d 1290. Given the trial court's findings, it correctly concluded Officer Edwards lacked further reasonable articulable suspicion of criminal activity. Armenta, 134 Wash.2d at 13, 15-16, 948 P.2d 1280. Thus, the trial court correctly decided an impermissible general exploratory search occurred. Id.; Henry, 80 Wash.App. at 550-53, 910 P.2d 1290. Therefore, abandonment is not the issue; the continued detention, questioning, and search were unlawful. Armenta, 134 Wash.2d at 15-16, 948 P.2d 1280; Henry, 80 Wash.App. at 550-53, 910 P.2d 1290. Moreover, our Supreme Court has decided State v. Evans, ___ Wash. ___, ___, 150 P.3d 105, 111 (2007), since argument of this case, rejecting the State's abandonment argument.
¶ 13 Affirmed.
WE CONCUR: SWEENEY, C.J., and KATO, J.