IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30549-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| DAWES MICHAEL MARLATT, | ) | |
| | ) | |
| Appellant. | ) | |

KULIK, J. — Dawes Michael Marlatt appeals his conviction for the crime of

unlawful possession of a controlled substance, methamphetamine. Mr. Marlatt contends

the trial court erred by denying his motion to suppress the evidence obtained from a

*Terry*[1] frisk. He specifically argues that trial counsel was ineffective for failing to argue

that a law enforcement officer exceeded the permissible scope of a weapons search when

he continued to search Mr. Marlatt's pocket after determining that Mr. Marlatt was not

armed. We reverse the conviction, as the evidence was the product of an unlawful search

and should have been suppressed.

---

[1] *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).

FACTS

During the early morning of June 1, 2010, Sheriff's Deputy Robert Brooke stopped Mr. Marlatt for driving a car with a defective headlight. Mr. Marlatt showed the deputy his license, but was unable to produce the car's registration. A computer check revealed that the registration had expired in 2007, although the license plate had 2010 tabs.

Deputy Brooke asked Mr. Marlatt to get out of the car so that he could question Mr. Marlatt outside the presence of a passenger in the car. As Mr. Marlatt exited the car, he reached behind his back with his right hand, prompting the deputy to grab Mr. Marlatt's hand. Deputy Brooke then noticed the handle of a wrench sticking out of Mr. Marlatt's right rear pocket and decided to search Mr. Marlatt for weapons.

During a pat down of Mr. Marlatt's left front pants pocket, the deputy felt a large folding knife. He removed the knife and proceeded to search Mr. Marlatt's right front pants pocket where he felt a small soft bulge inside the coin pocket that he suspected was a baggie of drugs. Mr. Marlatt became fidgety, tried to pull his hands from the deputy's grasp, and protested the search. However, the deputy continued the search, later stating in his incident report, "It is common for drug users to package their drugs in plastic baggies and carry the baggie in their coin pockets." Clerk's Papers (CP) at 17. To confirm his suspicion, the deputy manipulated the item between his thumb and forefinger and asked

2

Mr. Marlatt what was in his coin pocket. Mr. Marlatt, responded, "'I don't know.'" CP at 17. Deputy Brooke asked Mr. Marlatt if he could remove the item. Mr. Marlatt sighed and said, "'Yeah, go ahead.'" CP at 17. The deputy then removed the item, which was later established to be methamphetamine.

The State charged Mr. Marlatt with possession of a controlled substance. Mr. Marlatt moved to suppress the evidence, arguing the deputy exceeded the scope of a routine traffic stop by asking Mr. Marlatt to exit the car and then searching him. He argued that the issue of the expired car tabs could have been handled with Mr. Marlatt sitting in the car and that Mr. Marlatt's possession of a wrench in his back pocket was insufficient to trigger a suspicion that he was involved in criminal activity or armed.

The court denied the motion, finding that the discrepancy between the 2007 expired registration date and 2010 tabs on the vehicle justified the deputy's decision to question Mr. Marlatt and that the deputy's request for Mr. Marlatt to exit the car was a de minimis intrusion and lawful within the scope of the traffic stop. It also found that the *Terry* frisk, after discovery of the wrench, was not unreasonable.

Mr. Marlatt was found guilty of possession of methamphetamine after a bench trial on stipulated facts.

3

ANALYSIS

When reviewing the denial of a suppression motion, we determine whether substantial evidence supports the challenged findings of fact and whether the findings support the conclusions of law. *State v. Hill*, 123 Wn.2d 641, 644, 870 P.2d 313 (1994). Conclusions of law are reviewed de novo. *State v. Duncan*, 146 Wn.2d 166, 171, 43 P.3d 513 (2002).

Here, Mr. Marlatt does not contest the legality of the initial stop or the frisk for weapons; instead, Mr. Marlatt argues that the deputy exceeded the narrow scope of a *Terry* weapons frisk by continuing to manipulate the contents of his pocket after determining that he was not armed. He raises the issue for the first time on appeal by claiming the manifest constitutional error of ineffective assistance of counsel. His trial counsel moved to suppress on the unsuccessful ground that the *Terry* search for weapons was not justified at its inception because there was no basis to ask Mr. Marlatt to exit the car or to search him for weapons. Mr. Marlatt contends that effective counsel would have instead challenged the scope of the *Terry* weapons frisk.

Generally, we do not review evidentiary objections that were not presented to the trial court unless the alleged error involves a manifest error affecting a constitutional right. RAP 2.5(a)(3); *State v. Horton*, 136 Wn. App. 29, 36, 146 P.3d 1227 (2006).

4

Ineffective assistance of counsel is a manifest error affecting a constitutional right and so we must review Mr. Marlatt's claim even if it is raised for the first time on appeal. *State v. Brown*, 159 Wn. App. 1, 17, 248 P.3d 518 (2010) (citing RAP 2.5).

We review a claim of ineffective assistance de novo. *State v. Rainey*, 107 Wn. App. 129, 135, 28 P.3d 10 (2001). Mr. Marlatt is required to show that his lawyer's representation was deficient and that the deficiency prejudiced him; that is, the error likely changed the outcome of the trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

Because Mr. Marlatt tries to raise a suppression issue not considered by the trial court, he must establish that the trial court would likely have granted the motion if it had been made, and that defense counsel had no legitimate tactical basis for not raising the argument in the trial court. *State v. McFarland*, 127 Wn.2d 322, 333-35, 899 P.2d 1251 (1995). This court has noted that suppression of drug evidence often results in the dismissal of drug possession charges, thus satisfying both *Strickland* prongs if defense counsel failed to raise an argument during a suppression motion that likely would have succeeded. *Horton*, 136 Wn. App. at 36.

Generally, warrantless searches and seizures are per se unreasonable, subject only to a few well established exceptions, including a *Terry* stop. *Terry v. Ohio*, 392 U.S. 1,

88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). A *Terry* stop, although less intrusive than an arrest, is nevertheless a seizure and, therefore, must be reasonable under the Fourth Amendment and article I, section 7 of the Washington Constitution. *State v. Kennedy*, 107 Wn.2d 1, 4, 726 P.2d 445 (1986). A *Terry* stop must be justified not only in its inception, but also in its scope. *State v. Hudson*, 124 Wn.2d 107, 112, 874 P.2d 160 (1994).

Under *Terry*, an officer is allowed to conduct a brief and nonintrusive search to discover potential weapons if the officer has reasonable safety concerns. *Terry*, 392 U.S. at 29; *State v. Serrano*, 14 Wn. App. 462, 468, 544 P.2d 101 (1975). The search must be "confined in scope to an intrusion reasonably designed to discover guns, knives, clubs, or other hidden instruments for the assault of the police officer." *Terry*, 392 U.S. at 29. A protective search for weapons may not be used as a pretext for a more general search to discover evidence of a crime. *Minnesota v. Dickerson*, 508 U.S. 366, 373, 113 S. Ct. 2130, 124 L. Ed. 2d 334 (1993); *State v. Setterstrom*, 163 Wn.2d 621, 626, 183 P.3d 1075 (2008). Thus, as soon as an officer determines that the suspect has no weapon(s), the search must stop. *Hudson*, 124 Wn.2d at 113 (quoting *State v. Allen*, 93 Wn.2d 170, 173, 606 P.2d 1235 (1980)).

6

*State v. Garvin*, 166 Wn.2d 242, 207 P.3d 1266 (2009) is directly on point. In that case, a police officer conducted a lawful *Terry* stop and weapons search. During the weapons frisk, the police officer felt a plastic baggie inside the defendant's front pants coin pocket and immediately determined there was no weapon. *Id.* at 245, 254-55. Nevertheless, the officer continued to squeeze the contents of the defendant's pocket because he suspected the baggie contained narcotics. *Id.* at 247.

The court held that as soon as the officer ascertained the defendant did not have a weapon, any continuing search was unreasonable: "[i]t is unlawful for officers to continue squeezing . . . after they have determined a suspect does not have a weapon, to find whether the suspect is carrying drugs or other contraband." *Id.* at 255. The court cautioned that if such a general search for contraband were permitted, "one of the narrowly drawn exceptions to the warrant requirement would swallow the rule." *Id.*

Like *Garvin*, the deputy here exceeded the permissible scope of a weapons search when he continued to manipulate the contents of Mr. Marlatt's coin pocket after determining there was no weapon in the pocket. The deputy admitted that he "suspected the soft bulge was a plastic baggie containing drugs" and continued to manipulate the item in the baggie to confirm his suspicions. CP at 17. Under *Garvin*, as soon as the deputy knew Mr. Marlatt was not armed, the search should have stopped. *Garvin*, 166

7

Wn.2d at 255.

The State argues that because Mr. Marlatt consented to the search, no constitutional protections are implicated. However, as discussed in the remaining analysis, Mr. Marlatt's consent was obtained through exploitation of the prior illegal search and therefore did not purge the taint of the prior illegal search.

A search that exceeds the proper scope of a *Terry* stop is improper unless the defendant's "subsequent consent to the search . . . sufficiently purged the taint of the illegal detention." *State v. Tijerina*, 61 Wn. App. 626, 629, 811 P.2d 241 (1991). The State must demonstrate that a defendant's consent was not obtained by the exploitation of a prior illegal search. *State v. Jensen*, 44 Wn. App. 485, 490, 723 P.2d 443 (1986) (quoting *Wong Sun v. United States*, 371 U.S. 471, 487-88, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963)).

> The U.S. Supreme Court has framed the issue
>
> "whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint."

*Wong Sun*, 371 U.S. at 487-88 (quoting JOHN MACARTHUR MAGUIRE, EVIDENCE OF GUILT 221 (1959)).

8

In determining the effect of the consent, we apply the following factors: (1) the temporal proximity of the detention and subsequent consent, (2) the presence of significant intervening circumstances, (3) the purpose and flagrancy of the official's conduct, and (4) the giving of *Miranda*[2] warnings. *Jensen*, 44 Wn. App. at 490.

In *Jensen*, a defendant's consent to search his car was deemed valid, despite a prior illegal search of the car where the defendant was (1) allowed to make a telephone call, (2) given *Miranda* warnings, (3) twice advised he did not have to consent to the search, and (4) not subjected to intimidating police conduct. *Id.* at 490-91. This court considered advisement of the defendant's right to withhold consent a "crucial" significant intervening circumstance. *Id.* We also noted that the defendant had not given up due to the futility of resistance after the illegal prior search. *Id.* at 491.

In contrast to *Jensen*, Mr. Marlatt was not advised that he could withhold consent nor was he given *Miranda* warnings prior to obtaining consent. Moreover, whereas the interaction between the defendant and police in *Jensen* was characterized as "cooperative and friendly," Mr. Marlatt was subjected to intimidating police conduct. *Id.* at 491. In his incident report, the deputy described grabbing Mr. Marlatt's arms, Mr. Marlatt becoming "fidgety" and attempting to pull his hands from the deputy's grasp, and Mr. Marlatt

---

[2] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

"protest[ing] the search." CP at 17.

*Tijerina* supports our conclusion. In that case, a police officer exceeded the scope of a traffic stop, obtained the defendant's consent to search his car, and then found drugs in the car. *Tijerina*, 61 Wn. App. at 628. This court concluded that the defendant's consent had not purged the taint of the illegal search, citing: (1) the close temporal proximity between the detention and the consent, (2) the lack of significant intervening circumstances between the illegal detention and the consent to search, i.e., the defendant was not advised of his right to refuse to consent to a search, and (3) the officer did not advise the defendant of his constitutional rights. *Id.* at 630.

Here, the deputy candidly admitted that a search for weapons shifted to a search for drugs. However, the purpose of the stop was satisfied as soon as the deputy realized that Mr. Marlatt did not have a weapon. By the time the deputy asked Mr. Marlatt for permission to remove the item in Mr. Marlatt's pocket, the officer knew the item was not a weapon, and Mr. Marlatt knew it was useless to continue to resist. Applying the factors outlined above, Mr. Marlatt's consent cannot be deemed voluntary. It was obtained by exploitation of the prior illegality.

If trial counsel had argued that the deputy exceeded the scope of the weapons search, it is likely the court would have granted the suppression motion. We find no

tactical basis to explain defense counsel's failure to do so, which was both erroneous and prejudicial. But for the illegal search, the deputy would not have obtained Mr. Marlatt's consent. Thus, the evidence should have been suppressed.

We reverse and remand for an order of dismissal.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Kulik, J.

We concur:

_____
Brown, J.

_____
Siddoway, A.C.J.

11