IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33323-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JUSTIN LINVILLE, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, A.C.J. — Justin Linville appeals his conviction for

possession of methamphetamine, contending he was illegally detained prior to his arrest

on an outstanding warrant. Because the arresting detective acted within the scope of

*Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968), we affirm.

FACTS

The facts are drawn from the unchallenged suppression hearing findings of fact

that are verities here. *State v. Cheatam*, 150 Wn.2d 626, 633, 81 P.3d 830 (2003).

Kennewick Detectives Ron Salter and Joshua Riley were traveling in an unmarked police

car in the area of Kennewick Avenue and Union Street at approximately 1:40 a.m. They

observed two pedestrians—a male, later identified as Mr. Linville, and a female, who

appeared to be arguing. The detectives saw Mr. Linville look over his shoulder and turn back to the female. The female began to walk faster in an attempt to distance herself from Mr. Linville. The detectives entered a roundabout and turned back around to see if the argument had escalated.

When they came back around, Mr. Linville was standing in the middle of the roadway in their lane of travel. The female was using a designated crosswalk. The detectives parked and contacted Mr. Linville, advising him that the reason for the stop was that he was standing in the middle of the road and blocking their lane of travel. The detectives asked him for his identification. He could not locate it, but he identified himself as Justin Linville. A warrant search revealed an outstanding arrest warrant. During a search incident to the ensuing arrest, the detectives found 29 grams of methamphetamine, a pipe, a scale, and baggies.

The State charged Mr. Linville with possession of methamphetamine with intent to deliver. The trial court denied Mr. Linville's CrR 3.6 motion to suppress evidence, concluding (1) the detectives lawfully contacted Mr. Linville based on his blocking their lane of travel, and (2) the verbal dispute between Mr. Linville and the female justified the stop under the community caretaking exception.

A jury convicted Mr. Linville of the lesser included offense of unlawful possession of a controlled substance.

## ANALYSIS

The issue is whether the trial court erred in denying Mr. Linville's CrR 3.6 motion to suppress the evidence seized during the search. Mr. Linville argues that the trial court's findings of fact do not support its conclusions "that his actions in crossing the street violated the law" or that the argument with his female companion justified a stop under the community caretaking exception. Br. of Appellant at 7.

We review CrR 3.6 suppression orders to determine if substantial evidence supports the findings and the findings support the conclusions. *State v. Hill*, 123 Wn.2d 641, 644-45, 870 P.2d 313 (1994). We review conclusions of law de novo. *State v. Gaddy*, 152 Wn.2d 64, 70, 93 P.3d 872 (2004).

A police officer may conduct a brief investigative stop whenever he or she has a reasonable suspicion, grounded in specific and articulable facts, that the person stopped has been or is about to be involved in a crime or a traffic infraction. *State v. Duncan*, 146 Wn.2d 166, 171-72, 43 P.3d 513 (2002); *State v. Acrey*, 148 Wn.2d 738, 747, 64 P.3d 594 (2003). "When police officers have a 'well-founded suspicion not amounting to probable cause' to arrest, they may nonetheless stop a suspected person, identify themselves, and

ask that person for identification and an explanation of his or her activities." *State v. White*, 97 Wn.2d 92, 105, 640 P.2d 1061 (1982) (quoting *State v. Gluck*, 83 Wn.2d 424, 426, 518 P.2d 703 (1974)).

When detaining a person for a traffic infraction, officers may check the person's identification and law enforcement records. *See State v. Wayman-Burks*, 114 Wn. App. 109, 111-12, 56 P.3d 598 (2002) (citing RCW 46.61.021(2), which authorizes officers to detain persons for traffic infractions "for a reasonable period of time necessary to identify the person, check for outstanding warrants").

Here, the court concluded that the stop was lawful based in part on Mr. Linville's presence in the middle of the street and blocking the officers' lane of travel. Although the court did not cite a specific traffic violation, the State points out that walking in a roadway when sidewalks are available is a traffic infraction. *See* RCW 46.61.250 ("Where sidewalks are provided it is unlawful for any pedestrian to walk or otherwise move along and upon an adjacent roadway."). Failure to perform any act required under Title 46 RCW is designated a traffic infraction. RCW 46.63.020. Under these statutes, the detectives were authorized to ask Mr. Linville for identification and check for outstanding warrants pursuant to the stop for a possible traffic infraction.

4

No. 33323-0-III
*State v. Linville*

Because we conclude that the stop of Mr. Linville was justified under

RCW 46.61.021(2), we need not address the propriety of the stop under the community

caretaking exception. The trial court properly denied Mr. Linville's motion to suppress.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Lawrence-Berrey, A.C.J.

WE CONCUR:

Korsmo, J.

Pennell, J.

5