[No. 46116.   En Banc.   February 21, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. JERRY
ALLEN, *Petitioner.*

*Michael E. Schwab,* for petitioner.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *David Waterbury, Deputy,* for respondent.

HICKS, J.—Petitioner Allen appealed a Yakima County Superior Court conviction for possession of a controlled substance (heroin), which was affirmed by the Court of Appeals. Allen challenges rulings of the trial court in refusing to suppress certain evidence and in refusing to examine an undisclosed informant in camera. We granted discretionary review and we reverse.

In the early evening of December 18, 1975, under authority of a search warrant, members of the Yakima City–County Narcotics Unit were in the process of searching a designated residence and the persons of certain identified individuals. At about 6 p.m., during the course of the search, petitioner Allen knocked on the door. An officer, answering the knock, informed Allen that a search was being conducted and asked for identification. Allen gave his name and stated that he had left his identification in the car. The officer then conducted a pat–down search of Allen. Feeling a bulge in the inside coat pocket, he removed a wallet. It was testified that when asked who owned the billfold, Allen replied that he did not know. The officer then opened it and in the course of rummaging through the wallet, he came across a dollar bill folded in a "pharmaceutical fold." The folded bill was opened and found to contain a small quantity of what was eventually determined to be heroin. No other narcotics were found on the premises or on the individuals named in the warrant. Allen's Oregon driver's license was also in the billfold.

Allen was arrested and charged with possession of heroin under RCW 69.50.401. He moved to suppress the heroin and also for an in camera examination of the informant upon whose information the original search warrant was issued. Following a suppression hearing, both motions were denied.

Allen was tried to the court April 19, 1976, found guilty of unlawful possession, and on February 8, 1977, was sentenced to a maximum of 5 years. Although a number of issues were raised on appeal, we need consider only the legality of the "pat and frisk."

Under the circumstances of this case, was it reasonable to search the contents of the wallet found in the course of a "pat and frisk" of one who knocked on the door of a residence while the police were conducting a search under the authority of a search warrant? The State makes no claim that there was probable cause to arrest Allen upon his arrival at the searched premises. The patdown of Allen and the removal of his wallet from an inside pocket were not incident to a lawful arrest. Since he does not challenge his patdown, we need not determine whether, under the circumstances of this case, the officer was within the ambit of *Terry v. Ohio,* 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968), when he admitted Allen to the house and then proceeded to frisk him. *Ybarra v. Illinois,* 444 U.S. 85, 62 L. Ed. 2d 238, 100 S. Ct. 338 (1979).

Assuming the legality of the frisk, the discovery of an unidentified "bulge" in the course of the patdown would entitle the officer to assure himself that it was not a weapon. After satisfying himself the "bulge" was not a weapon, the officer had no valid reason to further invade Allen's right to be free of police intrusion absent reasonable cause to arrest. *See United States v. Thompson,* 597 F.2d 187 (9th Cir. 1979).

■ There is some contention that because Allen denied knowledge of who owned the wallet, he lacks standing to challenge the legality of its search. Since it was found on his person and the fruits of the search were proposed to be used against him, we have no question Allen has standing to challenge the search. *Jones v. United States,* 362 U.S. 257, 4 L. Ed. 2d 697, 80 S. Ct. 725 (1960).

The State asserts the officer properly rummaged through Allen's wallet in search of identification. The Court of Appeals agreed and found the search to be reasonable,

because under the totality of circumstances: (1) the police did not recognize Allen; (2) he had previously stated his identification was in the car; and (3) he disclaimed knowledge of the ownership of the wallet.

We disagree. Absent probable cause to arrest, once it is ascertained that no weapon is involved, the government's limited authority to invade the individual's right to be free of police intrusion is spent. *Terry v. Ohio, supra.* Thereafter, further intrusion becomes a search for evidence which the police may not do without a warrant, except as an incident to a lawful arrest, or with the consent of the person concerned.

Because we hold that the evidence seized from Allen's person must be suppressed, we do not address the request for an in camera examination of the undisclosed informant.

Reversed and remanded.

UTTER, C.J., ROSELLINI, STAFFORD, WRIGHT, BRACHTENBACH, DOLLIVER, and WILLIAMS, JJ., and HAMILTON, J. Pro Tem., concur.