[No. 9876-1-III.   Division Three.   March 13, 1990.]

THE STATE OF WASHINGTON, *Appellant*, v. KYLE MARTIN BIEGEL, *Respondent.*

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Howard Hansen, Deputy,* for appellant.

*Richard Johnson* and *Velikanje, Moore & Shore,* for respondent.

GREEN, J.—Kyle Martin Biegel was charged with possession of a controlled substance—cocaine. He moved to suppress the cocaine contending it was obtained in violation of his constitutional rights. This motion was granted and the State appeals.

The issues concern the validity of a search that revealed the cocaine on the person of Mr. Biegel.

On January 6, 1989, Officers Strother and England of the Yakima Police Department were patrolling an area called "The Hole" in southeast Yakima—a high crime area. That evening they were watching an apartment at 214 South Fourth Street, near the corner of Spruce and Fourth Streets. They observed a person later determined to be Mr. Biegel, drive up in a car and park. Mr. Biegel got out of his car, conversed with one of several persons standing on the corner for about 30 seconds and then followed that person into the apartment building. According to Officer Strother, this was the normal mode of conduct for a drug transaction; however, he did not know that this particular person was a drug dealer. Officer Strother then positioned himself so that he could make immediate contact with Mr. Biegel once he exited the apartment building. His stated purpose was to identify him so that if Mr. Biegel appeared in that vicinity again he might be subject to arrest under a Yakima

ordinance prohibiting loitering for the purpose of engaging in drug related activity.

After 3 or 4 minutes, Mr. Biegel left the apartment and was immediately contacted by Officer Strother, who walked him out of sight of the apartment. The officer inquired whether Mr. Biegel lived or worked in the area. Mr. Biegel said "no", he was there looking for a party which his sister was attending. After the officer read the *Miranda* warnings to him, Mr. Biegel refused to engage in any further conversation with the officer or identify himself. The officer observed a wallet in Mr. Biegel's rear trouser pocket. The officer, without Mr. Biegel's consent, removed the wallet, looked through it and found a driver's license. Using a portable radio, the officer called the police station and requested a warrant check. This revealed an outstanding felony warrant from Ritzville for Mr. Biegel's arrest. The officer again read the *Miranda* warnings to Mr. Biegel and then conducted a pat–down search. He felt something in Mr. Biegel's left rear pants pocket, reached in and pulled out a folded paper containing 2 grams of a substance that later proved to be cocaine. He advised Mr. Biegel he was under arrest for the felony warrant and for possession of a controlled substance.

First, the State contends the court erred in suppressing the cocaine contending there was probable cause to arrest Mr. Biegel upon his leaving the apartment building and therefore the search of the wallet was valid incident to that arrest. It argues that based on the officer's prior experience in the area, police interest in the particular address, the circumstances leading to Mr. Biegel's entering and leaving the building, indicate he was there to purchase drugs and would have some in his possession. The trial court determined there was an insufficient showing of probable cause for arrest, but sufficient articulable facts for the officer to make a *Terry* stop. We agree.

This was the first time Mr. Biegel had been seen in the area. The officers did not know what occurred inside

the apartment and did not see him involved in the purchase of drugs. They merely suspected he might have made a drug purchase. A well founded suspicion that criminal conduct has occurred supports a *Terry* stop, *State v. Pimintel*, 55 Wn. App. 569, 571–72, 779 P.2d 268, *review denied*, 113 Wn.2d 1022 (1989), but does not create probable cause for an arrest. To hold otherwise would mean that every individual who entered or left that apartment building could be arrested and searched. Moreover, the officer testified he never intended to arrest Mr. Biegel—only to identify him.

In that respect, the State argues it had probable cause to arrest Mr. Biegel based on the Yakima loitering ordinance. This contention is without merit. At the suppression hearing, the officer stated Mr. Biegel was not loitering and he stopped him merely to obtain his identification so that if he returned to the area a second time, then he might have a basis to arrest him for violation of the city ordinance. In light of this statement, we need not further address the ordinance.

Second, the State contends if only a *Terry* stop occurred, the officer nevertheless had the right to remove the defendant's wallet to obtain identification when Mr. Biegel refused to identify himself to the officer. The trial court ruled otherwise and we agree.

Mr. Biegel had just been read his *Miranda* rights, one of which was his right to remain silent. He exercised that right by refusing to identify himself. This right he retained irrespective of the *Miranda* warnings, but those warnings merely reinforced that right. In *State v. Allen*, 93 Wn.2d 170, 173, 606 P.2d 1235 (1980) (citing *Terry v. Ohio*, 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968)), the court said:

> Absent probable cause to arrest, once it is ascertained that no weapon is involved, the government's limited authority to invade the individual's right to be free of police intrusion is spent. Thereafter, further intrusion becomes a search for evidence which the police may not do without a warrant, except as

an incident to a lawful arrest, or with the consent of the person concerned.

(Citation omitted.) Officer Strother observed the wallet protruding from Mr. Biegel's rear pocket and without consent removed it. That act constituted a search, was beyond the scope of a *Terry* stop, and was an unreasonable intrusion into Mr. Biegel's private affairs. *State v. White,* 97 Wn.2d 92, 106–07, 640 P.2d 1061 (1982); Const. art. 1, § 7. *State v. Flynn,* 92 Wis. 2d 427, 285 N.W.2d 710 (1979), *cert. denied,* 449 U.S. 846 (1980), cited by the State, is distinguishable and not controlling here.

The motion to suppress the cocaine was properly granted.

Affirmed.

MUNSON, C.J., and SHIELDS, J., concur.

Review denied at 115 Wn.2d 1004 (1990).