156 P.3d 246 (2007)
STATE of Washington, Respondent,
v.
Rafael C. CHAVEZ Jr., Appellant.
No. 25121-7-III.
Court of Appeals of Washington, Division 3, Panel Seven.
April 12, 2007.
*248 Dennis W. Morgan, Attorney at Law, Ritzville, WA, for Appellant.
Kevin Gregory Eilmes, Prosecuting Attorney's Office, Yakima, WA, Respondent.
SCHULTHEIS, A.C.J.
¶ 1 Rafael C. Chavez Jr. appeals his Yakima County Superior Court conviction of possession of a controlled substance. Specifically, he challenges the trial court's denial of his motion to suppress, contending his arrest was not supported by probable cause and the evidence seized as a result of his arrest should have been suppressed. We find the search of Mr. Chavez's wallet violated the Fourth Amendment because officers lacked probable cause to believe he was involved in criminal conduct. Accordingly, we reverse.

FACTS
¶ 2 The facts are undisputed. Late in the evening on April 2, 2005, Grandview police officers were conducting a routine check at the El Pueblito nightclub. As Officer Michael Hopp entered the nightclub's restroom from a back alley entrance, he heard a loud snorting sound coming from a bathroom stall that was concealed by a partition. When he walked around the partition, he saw three men standing together in an open bathroom stall. Upon seeing the officer, one of the men abruptly left. The remaining two, later identified as Mr. Chavez and Mr. Ramirez, did not attempt to leave. Officer Hopp noticed that Mr. Ramirez was holding a partially folded dollar bill. In view of the officer, Mr. Ramirez quickly tried to hand the bill to Mr. Chavez, who refused to take it. The officer then noticed a white powdery substance on the dollar bill, and suspecting it was cocaine, seized the bill and called for backup officers.
¶ 3 Officer Hopp asked officers to handcuff Mr. Chavez and Mr. Ramirez, suspecting they were "in constructive possession of what [he] believed to be [a] controlled substance." Report of Proceedings (July 28, 2005) (RP) at 13. Officers then removed the two men to a back alley where one of them removed Mr. Chavez's wallet, purportedly for identification. The officer noticed a white powdery substance inside the wallet. Field tests confirmed that the substances in the wallet and dollar bill were cocaine.
¶ 4 Mr. Chavez was formally arrested and charged with possession of cocaine in violation of the Uniform Controlled Substances Act, RCW 69.50.4013(1). Pursuant to CrR 3.6, he moved to suppress the cocaine seized from his wallet, arguing the search was unlawful because inadequate probable cause supported his arrest.
¶ 5 The court denied the motion, finding the removal of the wallet a valid search incident to arrest, reasoning:
The officers have been able to point to specific and articulable facts giving rise to a reasonable suspicion that there was criminal activity afoot. I think that as soon as they handcuff Mr. Chavez, he was under arrest at that point, and there was probable cause at that point to believe he was involved in some kind of drug transaction.
RP at 48; see also Conclusion of Law II, Clerk's Papers at 7 ("upon handcuffing the Defendant in the restroom, the Defendant was arrested based on probable cause").
¶ 6 The case proceeded to a stipulated facts trial where Mr. Chavez was found guilty as charged. The court imposed 20 days of confinement and 12 months of community custody. Mr. Chavez appeals the court's suppression ruling and its imposition of community custody.

ANALYSIS
¶ 7 Mr. Chavez contends that Officer Hopp's observations did not establish probable cause that he was in constructive possession of cocaine. Therefore, the search of his wallet was invalid and the evidence obtained from that search should be excluded.
¶ 8 Appellate review of a trial court's legal conclusions of law relating to the suppression of evidence is de novo. State v. Mendez, 137 Wash.2d 208, 214, 970 P.2d 722 (1999).
*249 ¶ 9 "All seizures of the person, even those involving only brief detentions, must be tested against the Fourth Amendment guaranty of freedom from unreasonable searches and seizures." State v. Thompson, 93 Wash.2d 838, 840, 613 P.2d 525 (1980) (citing United States v. Brignoni-Ponce, 422 U.S. 873, 878, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975); Terry v. Ohio, 392 U.S. 1, 17, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). To arrest a person, the officer must have probable cause to believe that an offense has been or is being committed. Id. A search incident to arrest can occur prior to the arrest, so long as a sufficient basis for the arrest existed before the search commenced. State v. Ward, 24 Wash.App. 761, 765, 603 P.2d 857 (1979) (citing State v. Smith, 88 Wash.2d 127, 559 P.2d 970 (1977); State v. Brooks, 57 Wash.2d 422, 357 P.2d 735 (1960)).
Probable Cause for Arrest
¶ 10 Mr. Chavez contends that the State is required to establish that he had either constructive possession or joint constructive possession of the dollar bill in order to satisfy the probable cause requirement of the Fourth Amendment. He argues that because Mr. Ramirez was in exclusive possession of the dollar bill, the police lacked probable cause to arrest him. The State responds that probable cause to suspect Mr. Chavez of constructive possession of cocaine was established by his proximity to Mr. Ramirez and his "placement and posture within the stall." Br. of Respondent at 7.
¶ 11 Probable cause for arrest exists when the facts and circumstances known to an officer are sufficient to warrant a prudent or cautious man to believe that a crime has been committed. State v. Terrovona, 105 Wash.2d 632, 643, 716 P.2d 295 (1986); State v. Graham, 130 Wash.2d 711, 724, 927 P.2d 227 (1996). In narcotics cases, the court considers "`the totality of the facts and circumstances within the officer's knowledge at the time of the arrest. The standard of reasonableness to be applied takes into consideration the special experience and expertise of the arresting officer.'" Graham, 130 Wash.2d at 724, 927 P.2d 227 (internal quotation marks omitted) (quoting State v. Fore, 56 Wash.App. 339, 343, 783 P.2d 626 (1989)). An officer need not have knowledge of facts sufficient to establish guilt beyond a reasonable doubt, but a mere suspicion of criminal activity does not give an officer probable cause to arrest. Terrovona, 105 Wash.2d at 643, 716 P.2d 295.
Constructive Possession
¶ 12 Actual possession exists where goods are in the personal custody of the person charged with possession. Constructive possession exists where a person not in actual possession still has dominion and control over the object or place where the object was found. State v. Staley, 123 Wash.2d 794, 798, 872 P.2d 502 (1994). Dominion and control need not be exclusive and can be established by circumstantial evidence. State v. Weiss, 73 Wash.2d 372, 375, 438 P.2d 610 (1968); State v. Wood, 45 Wash. App. 299, 312, 725 P.2d 435 (1986).
¶ 13 To determine whether a defendant was in constructive possession of an object, we look to the totality of the circumstances. State v. Partin, 88 Wash.2d 899, 906, 567 P.2d 1136 (1977). One aspect of dominion and control is that the defendant may reduce the object to actual possession immediately. State v. Jones, 146 Wash.2d 328, 333, 45 P.3d 1062 (2002). While proximity alone is not sufficient to establish constructive possession, proximity coupled with other circumstances from which the trier of fact can infer dominion and control is sufficient to show constructive possession. Id.
¶ 14 The court's unchallenged findings of fact show:[1] (1) Officer Hopp heard a snorting noise coming from a bathroom stall; (2) three men, including Mr. Chavez, were standing in the bathroom stall; (3) one of the men quickly left the restroom upon seeing the officer; (4) Mr. Ramirez was holding a dollar bill with a white powdery substance on it; (5) upon seeing the officer, Mr. Ramirez attempted to hand the bill to Mr. Chavez; and (6) Mr. Chavez refused to take the bill.
*250 ¶ 15 These facts are insufficient to support a finding that Mr. Chavez was in constructive possession of cocaine. Officer Hopp did not know what occurred in the bathroom stall. He did not see Mr. Chavez holding the cocaine or using it. Nothing indicates that Mr. Chavez was involved in criminal activity other than his proximity to Mr. Ramirez; in fact, the evidence points to Mr. Ramirez as the sole owner of the cocaine. See State v. Callahan, 77 Wash.2d 27, 31-32, 459 P.2d 400 (1969) (defendant's proximity to the drugs and his admission that he had handled the drugs earlier in the day, was not sufficient to show constructive possession where there was evidence that another person had exclusive ownership of the drugs).
¶ 16 While an aspect of dominion and control is that the defendant may immediately reduce the object to actual possession, Mr. Chavez refused an opportunity to take the cocaine from Mr. Ramirez. During the suppression hearing, Officer Hopp testified that he had a "strong suspicion" based on Mr. Chavez's proximity to Mr. Ramirez that criminal activity was occurring. RP at 17. But mere suspicion is not enough to support probable cause. While a well founded suspicion supports a Terry stop, it does not create probable cause for arrest. State v. Biegel, 57 Wash.App. 192, 195, 787 P.2d 577 (1990).
¶ 17 We conclude that Mr. Chavez's arrest did not comport with Fourth Amendment protections. In the absence of probable cause to believe he was engaged in criminal conduct, the search of his wallet was invalid.
Community Custody
¶ 18 Mr. Chavez also contends the sentencing court lacked the authority to impose community custody under RCW 9.94A.715(1). Because the probable cause issue is dispositive, we need not decide whether the court's imposition of community custody was proper.

CONCLUSION
¶ 19 The cocaine found in Mr. Chavez's wallet was improperly admitted, and the trial court erred in denying his motion to suppress. Accordingly, we reverse.
WE CONCUR: KULIK, J., and KATO, J., Pro Tem.
NOTES
[1] Mr. Chavez does not assign error to the court's findings of fact, therefore, they are verities on appeal. State v. Hill, 123 Wash.2d 641, 644, 870 P.2d 313 (1994).