**FILED**
**OCT 17, 2013**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 30848-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN CARL BRAGG, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, C.J. — Brian Bragg challenges his conviction for possession of a stolen motor vehicle, arguing that the jury improperly heard hearsay evidence, received a faulty instruction, and lacked sufficient evidence to return its verdict. We affirm.

## FACTS

On November 4, 2011, a Toyota 4Runner was stolen from a Moses Lake car dealership. The vehicle was eventually located on land belonging to Michael Bohn. Mr. Bragg lived on Mr. Bohn's property in a trailer he kept there.

The police obtained a search warrant and went to the property. Mr. Bohn answered the door and the officer read him the search warrant, which contained a description of the 4Runner. Immediately thereafter, Mr. Bohn pointed to the backyard

and stated, "the white Toyota 4Runner back there belongs to Brian Bragg." The officer noted that Mr. Bohn appeared both surprised to see the officer serving the warrant and excited when Mr. Bohn made the subsequent statement: his eyes widened, gestures were animated, and he pointed forcefully. His voice also raised and changed pitch.

The officer discovered the stolen 4Runner parked among other vehicles belonging to Mr. Bragg. It was covered by a tarp and car cover, and parked about 90 to 120 feet from Mr. Bragg's fifth wheel trailer. The officer arrested Mr. Bragg. The prosecutor later charged one count of possession of a stolen motor vehicle.

At trial, Mr. Bohn testified to a conversation in which Mr. Bragg told Mr. Bohn that Matt Lowe stole the 4Runner and that Mr. Bragg traded his Ford Bronco to Mr. Lowe for the stolen 4Runner. Mr. Bohn also testified that Bragg's Bronco was gone the day Mr. Bohn first noticed the 4Runner on his property. On cross-examination, defense counsel questioned Mr. Bohn about why he did not include the contents of this conversation in his original statement to the police.

Subsequently, the warrant-serving officer testified about his encounter with Mr. Bohn, including Mr. Bohn's statement that the 4Runner belonged to Mr. Bragg. The trial court allowed the testimony under the excited utterance exception to the hearsay rule. Defense counsel in cross-examination elicited that Mr. Bohn previously had been arrested and served with search warrants.

Other witnesses testified that Mr. Bragg had expressed interest in the 4Runner

2

before it was found stolen from the dealership. The defense presented no witnesses. The trial court instructed the jury on constructive possession, but refused, over defense exception, to include the word "immediate" in the definition of dominion and control. The jury found Mr. Bragg guilty of possession of a stolen motor vehicle. He timely appealed.

## ANALYSIS

Mr. Bragg raises three arguments on appeal: (1) the trial court abused its discretion when it admitted hearsay testimony under the excited utterance exception, (2) the trial court erred by refusing to include the word "immediate" in the constructive possession instruction, and (3) there was insufficient evidence of dominion and control to find Mr. Bragg guilty of possession of a stolen motor vehicle. We address each argument in turn.

*Hearsay Testimony*

Hearsay is any out of court statement offered to prove the truth of the matter asserted. ER 801(c). Generally, hearsay is not admissible. ER 802. However, an excited utterance is admissible because it is "believed to be a 'spontaneous and sincere response to the actual sensations and perceptions already produced by [an] external shock.'" *State v. Chapin*, 118 Wn.2d 681, 686, 826 P.2d 194 (1992) (quoting 6 J. Wigmore, *Evidence* § 1747, at 195 (1976)). An excited utterance has three requirements: (1) a startling event or condition occurred, (2) the declarant made a statement that relates to the startling event, and (3) the declarant made the statement while still under the stress

3

of excitement caused by the event. ER 803(a)(2); *State v. Young*, 160 Wn.2d 799, 806, 161 P.3d 967 (2007).

Mr. Bragg contends that the serving of a search warrant was not a sufficiently startling event to trigger the excited utterance exception. We find that the trial court did not abuse its discretion by admitting the statement as an excited utterance and, at worst, the admission was harmless error.[1]

The admission of evidence under a hearsay exception is reviewed for abuse of discretion. *Young*, 160 Wn.2d at 806. The trial court abuses its discretion when it exercises discretion on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). Admission of an excited utterance "requires three preliminary factual findings" concerning the three foundational elements of the exception. *State v. Williamson*, 100 Wn. App. 248, 258, 996 P.2d 1097 (2000). Substantial evidence must support the factual findings. *State v. Bache*, 146 Wn. App. 897, 903, 193 P.3d 198 (2008).

---

[1] We also note that the statement also likely would have been admissible under the "prior consistent statement" hearsay exception. This exception allows a statement that would otherwise be hearsay if it is offered to rebut an express or implied charge against the declarant of recent fabrication or improper motive. ER 801(d)(1)(ii); *State v. Makela*, 66 Wn. App. 164, 168, 831 P.2d 1109 (1992). By questioning Mr. Bohn about why the content of his conversation with Mr. Bragg was not included in Mr. Bohn's original statement to the police, defense counsel implicitly alleged that Mr. Bohn subsequently made up the fact that the 4Runner belonged to Mr. Bragg. Mr. Bohn's statement to the officer about the 4Runner was thus admissible to rehabilitate his testimony.

4

Whether an event is sufficiently startling is determined by its "effect on the declarant." *Chapin*, 118 Wn.2d at 687. The officer who served the search warrant testified that Mr. Bohn appeared surprised after opening the door and seeing the officer. After the search warrant was read, Mr. Bohn's eyes widened, his gestures were animated, and his voice changed pitch. These facts support the court's conclusion that the event startled Mr. Bragg.

Mr. Bragg argues that Mr. Bohn could not have been startled by the event because of his previous experience being arrested and served with search warrants. He relies on *Chapin*, where our Supreme Court refused to admit evidence under the excited utterance exception because a sexual assault victim could not have been startled by seeing the alleged perpetrator, whom she had seen three times earlier that same day. *Chapin*, 118 Wn.2d at 689. Because the victim saw the perpetrator so frequently, he had become "a normal part of [the victim's] life," and thus seeing him could not be startling. *Id.* at 691. Here, however, there was no indication or allegation that Mr. Bohn encountered the police or had search warrants executed on him that frequently.

Mr. Bragg also contends that Bohn's statement was improperly admitted as an excited utterance because it is a statement of self-interest, thereby contradicting the general principle of excited utterances. *See State v. Brown*, 127 Wn.2d 749, 758, 903 P.2d 459 (1995) (stating an excited utterance is a "spontaneous and sincere response" and not based on "reflection or self-interest"). All that is necessary for the excited utterance

5

exception are the three requirements noted above. *See* ER 803(a)(2). Mr. Bragg's argument was a factual consideration for the trial court to weigh against the officer's description of Mr. Bohn's excited state. It did not render the officer's observations inadmissible as a matter of law.

Even if the court abused its discretion by admitting the statement, the error was harmless. Nonconstitutional error is harmless if, within reasonable probability, it did not affect the verdict. *State v. Zwicker*, 105 Wn.2d 228, 243, 713 P.2d 1101 (1986). Mr. Bohn testified to the same content during direct examination, the 4Runner was found among other vehicles Mr. Bragg owned, and there was other testimony indicating Mr. Bragg's prior interest in that particular 4Runner. We do not believe it is reasonably probable that a different verdict would have resulted if the trial court had excluded the excited utterance.

For all of these reasons, there was no prejudicial error.

*Jury Instruction*

Mr. Bragg challenges the trial court's jury instruction on constructive possession for failing to include the word "immediate" in the definition of dominion and control. We find no error.

The trial court took jury instruction 10 largely from the pattern instruction for constructive possession of a controlled substance, *Washington Pattern Jury Instructions* 50.03. Mr. Bragg does not challenge the use of this jury instruction in the stolen vehicle

6

context and takes exception only to the omitted word. The relevant portion of the jury

instruction (with the omitted word in brackets) reads as follows:

> In deciding whether the defendant had dominion and control over a vehicle, you are to consider all the relevant circumstances in the case. Factors that you may consider, among others, include whether the defendant had the [immediate] ability to take actual possession of the vehicle, whether the defendant had the capacity to exclude others from possession of the vehicle, and whether the defendant had dominion and control over the premises where the vehicle was located. No single one of these factors necessarily controls your decision.

Clerk's Papers at 88.

The trial court considered Mr. Bragg's argument and concluded that the word

"immediate" is applicable only in deadly weapon cases and not in possession of stolen

vehicle cases. We review a trial court's legal determinations regarding jury instructions

de novo. *State v. Lucky*, 128 Wn.2d 727, 731, 912 P.2d 483 (1996), *overruled on other

grounds by State v. Berlin*, 133 Wn.2d 541, 947 P.2d 700 (1997). Jury instructions are

sufficient as long as they permit each party to argue his or her theory of the case, are not

misleading, and when read as a whole properly inform the jury of the applicable law.

*State v. Howell*, 119 Wn. App. 644, 649, 79 P.3d 451 (2003). We agree with the trial

court that the word "immediate" is not required and find that the court properly instructed

the jury on the totality of the circumstances test for dominion and control.

The crime of possession of a stolen motor vehicle requires an individual to have

knowingly received, retained, possessed, concealed, or disposed of a stolen motor

7

vehicle. RCW 9A.56.068, .140. Possession can be either actual or constructive. *State v. Lakotiy*, 151 Wn. App. 699, 714, 214 P.3d 181 (2009). Constructive possession means that the goods were not in actual, physical possession, but the defendant had dominion and control over them. *Id.*

Mr. Bragg notes that the pivotal case for constructive possession of a stolen vehicle uses the word "immediately" when defining dominion and control. *Lakotiy*, 151 Wn. App. at 714 ("'Dominion and control means that the object may be reduced to actual possession immediately.'") (quoting *State v. Jones*, 146 Wn.2d 328, 333, 45 P.3d 1062 (2002)). For two reasons, the *Lakotiy* language does not persuade us that the word "immediate" is required in the jury instruction in this case.

First, *Lakotiy* was quoting *Jones*, which is a search and seizure case, not a jury instruction case. *Jones* itself was merely quoting the standard from a discussion about deadly weapon enhancements in *State v. Simonson*, 91 Wn. App. 874, 881, 960 P.2d 955 (1988). *Jones*, 146 Wn.2d at 333. In *Simonson* the court noted that more than dominion and control is needed to find that a person is "armed" with a deadly weapon—there also must be evidence of ready availability for use.[2] *Simonson*, 91 Wn. App. at 882. As in *Jones*, *Simonson* was not discussing jury instructions.

---

[2] Division One has considered whether some variation of "immediately" is required in unlawful possession of a firearm instructions. *See Howell*, 119 Wn. App. at 649. The court found that the immediacy element is not required for the jury instruction because the statute does not require the ability to take immediate possession. *Id.* at 650.

Second, *Lakotiy* went on to apply the proper "totality of the circumstances" test for determining dominion and control. *Lakotiy*, 151 Wn. App. at 714. Outside of the deadly weapon context, which requires proof of "readily available for use" in addition to possession of the deadly weapon, our Supreme Court has used the totality of the circumstances test in determining dominion and control. *See, e.g., State v. Partin*, 88 Wn.2d 899, 906, 567 P.2d 1136 (1977) ("we will look to the totality of the situation to determine . . . dominion and control"), *overruled on other grounds by State v. Lyons*, 174 Wn.2d 354, 275 P.3d 314 (2012).

*Lakotiy* did not create an immediacy requirement for dominion and control in possession cases, let alone do so in conflict with *Partin*. Here, the trial court properly instructed the jury on the totality of the circumstances test for dominion and control. There was no error.

*Sufficiency of the Evidence*

Mr. Bragg claims that there was insufficient evidence of dominion and control to support a conviction for possession of a stolen motor vehicle. Again, we disagree.

Evidence is sufficient to support a verdict if the trier of fact has a factual basis for finding each element proved beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980). We review the evidence in a light most favorable to the prosecution. *Id.* at 221.

As noted previously, possession can be either actual or constructive. *Lakotiy*, 151

9

Wn. App. at 714. Constructive possession does not require that the goods be in actual physical control, but merely that the defendant has dominion and control over them. *Id.* In determining dominion and control, the totality of the circumstances is considered, including the "proximity of the property" and the "ownership of the premises where the contraband was found." *Id.* While physical proximity alone is insufficient, "proximity coupled with other circumstances from which the trier of fact can infer dominion and control is sufficient to show constructive possession." *State v. Chavez*, 138 Wn. App. 29, 35, 156 P.3d 246 (2007).

There was more than mere proximity here. The 4Runner was found among Mr. Bragg's other vehicles, 90 to 120 feet from where Mr. Bragg lived in his trailer, and Mr. Bohn testified that Mr. Bragg admitted to trading his Bronco for the stolen 4Runner. He also had expressed an interest in acquiring the vehicle before it joined his collection. There was more than mere proximity supporting the jury's dominion and control finding. Thus, the evidence was sufficient to support the jury's decision.

Affirmed.

No. 30848-1-III
*State v. Bragg*

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, C.J.

WE CONCUR:

_____          _____
Brown, J.                                 Fearing, J.

11