# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 76504-3-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| TAMMY LEE COLTER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: July 30, 2018 |
| | ) | |

MANN, A.C.J. — Tammy Colter appeals her conviction for possession of a controlled substance—methamphetamine, arguing that the evidence was insufficient to support the conviction. We affirm.

## FACTS

On July 28, 2015, Oak Harbor Police Department Sergeant Carl Seim stopped Coulter's Toyota Camry in downtown Oak Harbor. The police had a warrant to search the vehicle, Colter, and Colter's boyfriend Jerald White for narcotics. Colter was driving and her adult son was a passenger in the vehicle. White was not in the car.

Detective Sergeant Mike Bailey contacted Colter, advised her of her Miranda[1] rights, and asked her to exit the vehicle. Colter responded that she "had bad anxiety

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

and she can't really deal with this." Sergeant Bailey then advised Colter that police had a search warrant for narcotics for her vehicle and asked if she had any in the car. Colter responded that "she has some pot in the car but didn't think she had any drugs."

Police conducted an initial search of the vehicle. Inside the trunk, they found a blue and black backpack. Inside the backpack, they found a small black zipped case with two red padlocks on it. The key to the padlocks was on Colter's keychain, along with the keys to her car. Police unlocked the case and found glass smoking devices and plastic baggies with white residue. In the same backpack, police also found a hard black zipped case containing plastic baggies with white residue, tissue, a straw, and a glass smoking device. Sergeant Bailey and Sergeant Seim suspected, based on training and experience, that the residue on these items was methamphetamine.

Sergeant Bailey arrested Colter, then drove Colter's vehicle to the police storage facility to continue the search. There, they examined the contents of the blue and black backpack in more detail. Inside the blue and black backpack, they found a large envelope addressed to Colter. The envelope contained a cashier's check made out to Colter. They also found a black Adidas bag with yellow trim inside the trunk. This bag contained a glass smoking device attached to rubber tubes and a glass vial with white residue. The trunk also contained many other items, including men's clothing, women's shoes, a laptop, and the vehicle registration listing Colter as the registered owner. Other items found in the car included Colter's military identification card, her prescription pill bottles, and blue and red rubber tubing which Sergeant Bailey believed was used for ingesting methamphetamine.

Washington State Patrol Crime Laboratory chemist Karen Finney tested four items seized from Colter's car: the blue and red rubber tubing, the glass smoking device found within the black zipped case with red padlocks, the glass smoking device found within the hard black zipped case, and the glass vial with white residue found within the Adidas bag. Finney determined that all of these items tested positive for methamphetamine. None of the items found in the car were tested for fingerprints or DNA.

The State charged Colter with one count of possession of a controlled substance—methamphetamine.[2] Colter asserted the affirmative defense of unwitting possession. The case proceeded to a jury trial.

Colter testified that at the time of the arrest, she was living in the Camry with her adult son, her boyfriend Jerald White, and two dogs. She described this situation as "chaotic," with clothes and shoes everywhere. She asserted that she "had no clue" there was methamphetamine in her vehicle. On cross-examination, Colter acknowledged that there was only one set of keys for the vehicle, and that everyone living in the car was using the same set of keys. Colter also acknowledged that the large envelope found in the black and blue backpack was addressed to her, and that it contained a cashier's check made out to her for a relatively large amount of money. Colter explained that the check was "a scam that I was actually turning in to the police department." Colter also acknowledged that the envelope was located on top of the black zipped case that was found to contain methamphetamine.

---

[2] Colter was also charged and convicted of one count of bail jumping. That conviction is not at issue in this appeal.

The jury was instructed it could not find Colter guilty if it found her possession of methamphetamine was unwitting. The jury convicted Colter as charged. Colter appealed.

ANALYSIS

Colter argues that the State did not prove the elements of the crime beyond a reasonable doubt. "The test for determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." State v. Witherspoon, 180 Wn.2d 875, 883, 329 P.3d 888 (2014) (quoting State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992)). "In claiming insufficient evidence, the defendant necessarily admits the truth of the State's evidence and all reasonable inferences that can be drawn from it." State v. Drum, 168 Wn.2d 23, 35, 225 P.3d 237 (2010) (citing Salinas, 119 Wn.2d at 201). "This court must defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence." State v. Thomas, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004) (citing State v. Cord, 103 Wn.2d 361, 367, 693 P.2d 81 (1985)). "In determining the sufficiency of the evidence, circumstantial evidence is not to be considered any less reliable than direct evidence." State v. Delmarter, 94 Wn.2d 634, 638, 618 P.2d 99 (1980) (citing State v. Gosby, 85 Wn.2d 758, 539 P.2d 680 (1975)). However, "inferences based on circumstantial evidence must be reasonable and cannot be based on speculation." State v. Vasquez, 178 Wn.2d 1, 16, 309 P.3d 318 (2013).

Methamphetamine is a controlled substance. RCW 69.50.206(d)(2). To prove the crime of unlawful possession of a controlled substance, the State must establish two

elements: "the nature of the substance and the fact of possession by the defendant." RCW 69.50.4013(1); State v. Staley, 123 Wn.2d 794, 798, 872 P.2d 502 (1994). "Possession may be either actual or constructive." State v. George, 146 Wn. App. 906, 919, 193 P.3d 693 (2008). "A defendant has actual possession when he or she has physical custody of the item and constructive possession if he or she has dominion and control over the item." State v. Jones, 146 Wn.2d 328, 333, 45 P.3d 1062 (2002) (citing State v. Callahan, 77 Wn.2d 27, 29, 459 P.2d 400 (1969)).

Here, Colter did not have actual possession of the methamphetamine found in the trunk of her car. Thus, the State was required to prove she had constructive possession of it. Constructive possession is determined by the totality of the circumstances. State v. Chavez, 138 Wn. App. 29, 35, 156 P.3d 246 (2007). "While the ability to immediately take actual possession of an item can establish dominion and control, mere proximity to the item by itself cannot." State v. Davis, 182 Wn.2d 222, 234, 340 P.3d 820 (2014). "It is not a crime to have dominion and control over the premises where the substance is found." State v. Shumaker, 142 Wn. App. 330, 334, 174 P.3d 1214 (2007). But "[w]hen, as here, a defendant challenges the sufficiency of the evidence, proof of dominion and control over the premises raises a rebuttable presumption there is dominion and control over the contraband in the premises." State v. Tadeo-Mares, 86 Wn. App. 813, 817, 939 P.2d 220 (1997). "An automobile may be considered a 'premises.'" George, 146 Wn. App. at 920.

Colter does not dispute that she had dominion and control over the vehicle in which the methamphetamine was found. She was the driver and registered owner of the Toyota Camry, and was in possession of the sole set of keys for the car, including the

key for the red padlocks. Colter had the ability to restrict access to the vehicle, the trunk, and the methamphetamine found in the locked case. However, she contends that this evidence was not alone sufficient to establish that she had dominion and control over the methamphetamine found in the trunk. She points out that she was not the sole occupant of the car and did not have sole possession of the keys. But there was additional evidence establishing Colter's dominion and control over the methamphetamine. Both black zipped cases containing methamphetamine were located in the same backpack as a large envelope addressed to Colter. Colter acknowledged that she was aware of the presence of the envelope. Methamphetamine was also found in the black Adidas bag, located in the trunk directly next to the backpack and surrounded by women's shoes. Colter was the only female occupant of the car. Viewing this evidence, and the reasonable inferences from that evidence, in the light most favorable to the State, a rational trier of fact could have found that Colter constructively possessed methamphetamine.

Colter further argues that she established that she was unaware of the presence of methamphetamine in the trunk of her car. Once the State establishes prima facie evidence of possession, the defendant may affirmatively assert that her possession of the drug was "unwitting." Staley, 123 Wn.2d at 799 (citing State v. Morris, 70 Wn.2d 27, 34, 422 P.2d 27 (1966)). "The defense of 'unwitting' possession may be supported by a showing that the defendant did not know he was in possession of the controlled substance." Staley, 123 Wn.2d at 799 (citing State v. Cleppe, 96 Wn.2d 373, 381, 635 P.2d 435 (1981)). "Unwitting possession must be proved by a preponderance of the evidence." George, 146 Wn. App. at 915. On review, we decide whether, considering

-6-

the evidence in the light most favorable to the State, a rational trier of fact could have found that Colter failed to prove her possession was unwitting. State v. Lively, 130 Wn.2d 1, 17, 921 P.2d 1035 (1996) (establishing standard of review when a defendant is required to prove affirmative defense by preponderance of evidence).

The State contends that the jury's rejection of Colter's affirmative defense was reasonable in light of the evidence presented. We agree. Colter was the driver and owner of the vehicle and her property was in the trunk with the methamphetamine. An envelope addressed to Colter, which she had knowledge of, was inside the backpack on top of the hard black zipped case containing methamphetamine. The black zipped case with red padlocks containing methamphetamine was found in the same backpack, and a key on Colter's keychain opened the padlocks. Based on this record, a rational trier of fact could find that Colter failed to show by a preponderance of the evidence that she did not know there was methamphetamine in the trunk of her vehicle.

Affirmed.

_Mann, A CJ_

WE CONCUR:

_Andrus, J._          _Dwyer, J._

-7-