112 P.3d 845

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Sarah Marie KINSER, Defendant–Appellant.**

No. 30091.

Court of Appeals of Idaho.

May 13, 2005.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Robert K. Schwarz, Deputy Attorney General, Boise, for respondent.

GUTIERREZ, Judge.

Sarah Marie Kinser appeals from the judgment of conviction entered upon her conditional guilty plea to grand theft and possession of methamphetamine. At issue on appeal is whether the district court erred in denying Kinser's motion to suppress evidence found as a result of a traffic stop. We affirm.

## I.

## FACTUAL AND PROCEDURAL SUMMARY

Kinser was a passenger in a vehicle that was stopped by police because of a cracked windshield. An officer with the Boise City Police Department testified that he stopped the vehicle because he believed the broken windshield was an equipment violation implicating I.C. § 49–902(1) and § 49–1401(3). After signaling the vehicle to pull over, the officer noticed the passenger making furtive movements. The driver of the vehicle was thereafter arrested upon her admission that she was knowingly driving without privileges. Incident to that arrest, the vehicle was searched and methamphetamine was discovered. A subsequent search of Kinser's purse revealed methamphetamine and stolen property.

Kinser filed a motion to suppress evidence arguing that the cracked windshield did not, by itself, justify the traffic stop. The district court denied this motion, and Kinser entered a conditional guilty plea to grand theft, I.C.

§§ 18–2403(1), 18–2407(1)(b), and possession of a controlled substance, I.C. § 37–2732(c), preserving her right to challenge the denial of her motion to suppress. The district court imposed concurrent unified sentences of seven years, with one year determinate on each count. The execution of these sentences was suspended, and Kinser was placed on probation for seven years. Kinser appeals, arguing that the evidence against her was the product of an illegal and unjustified stop and thus the district court erred in denying her motion to suppress.

## II.

### STANDARD OF REVIEW

■ The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact which are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct.App.1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez–Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct.App.1999).

## III.

### ANALYSIS

■ As an initial matter, the state contends that the district court's denial of Kinser's motion to suppress must be affirmed because Kinser has challenged only one of two independent grounds relied on by the district court in making its ruling. *See State v. Goodwin*, 131 Idaho 364, 366, 956 P.2d 1311, 1313 (Ct.App.1998) (Where the district court makes a ruling based upon two alternative grounds, and an appellant challenges only one of those grounds, the appellate court must affirm on the uncontested basis.). However, the two bases for the district court's ruling were premised on the same findings of fact. Because Kinser asserts that those findings were clearly erroneous, her appeal incorporates both grounds upon which the district court based its order.

■ Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being operated contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981); *State v. Rawlings*, 121 Idaho 930, 932, 829 P.2d 520, 522 (1992); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct.App.1998). Kinser contends that the officer lacked this reasonable and articulable suspicion. Specifically, Kinser argues that the district court erroneously found that the "badly and substantially cracked" windshield provided sufficient justification for the stop.

■ Kinser argues that there is no provision in the Idaho Code that requires a vehicle to be equipped with a windshield, and no provision that prohibits an individual from driving with a cracked windshield. Accordingly, Kinser contends that the vehicle was pulled over for committing no citable offense, but merely because it had a cracked windshield. However, I.C. § 49–902(1) prohibits the operation of a motor vehicle that is in an unsafe condition and could endanger any person. When, for example, a windshield is so cracked or damaged that it obstructs the driver's vision, I.C. § 49–902(1) has necessarily been violated. We conclude that operation of a vehicle with a cracked windshield could be unsafe and dangerous, and therefore provides reasonable and articulable suspicion for a traffic stop. Courts in other states, when faced with applying statutes with similar language, have concluded the same. *See State v. Wayman–Burks*, 114 Wash.App. 109, 56 P.3d 598 (2002) (condition of windshield triggered statutory prohibition against any "unsafe condition"); *State v. Munoz*, 125 N.M. 765, 965 P.2d 349 (Ct.App.1998) (traffic stop for a cracked windshield justified by state statute prohibiting any "unsafe condition").

■ Kinser asserts that the driver's vision in this case was not obstructed, and that the district court's findings were therefore clearly erroneous. She argues that the wind-

shield was cracked only on the passenger side of the vehicle and that the cracks therefore obstructed only the passenger's view. The appellant has the burden of establishing that the trial court's factual findings were clearly erroneous. *Doe v. State,* 131 Idaho 851, 853, 965 P.2d 816, 818 (1998). Findings are clearly erroneous only when unsupported by substantial and competent evidence. *State v. Thomas,* 133 Idaho 682, 686, 991 P.2d 870, 874 (Ct.App.1999).

In the instant matter, the district court specifically noted that the windshield cracks could impair the driver's vision when looking to the right, as is frequently required at intersections and when making turns. This finding is not clearly erroneous; in fact, Kinser does not dispute that the cracks could so interfere. Rather, relying on photographs of the vehicle that were admitted below into evidence, she urges this Court to substitute its judgment for that of the district court. We decline to do so. The photographic evidence of the cracked windshield, as well as the officer's testimony, provide substantial and competent evidence supporting the district court's finding that the cracked windshield in this case could impair the driver's ability to see and therefore implicated I.C. § 49–902(1). The traffic stop was therefore supported by reasonable suspicion. Kinser has not established that the district court erred in denying her motion to suppress.

## IV.

### CONCLUSION

We conclude that the traffic stop of the vehicle in which Kinser was a passenger complied with the Fourth Amendment right to be free from unreasonable seizures because the investigating officer had a reasonable and articulable suspicion that the vehicle was being driven in violation of I.C. § 49–902(1). Accordingly, we affirm Kinser's judgment of conviction for grand theft and for possession of a controlled substance.

Chief Judge PERRY and Judge LANSING concur.