IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42799

| STATE OF IDAHO, | ) | 2015 Opinion No. 73 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 4, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| REY ALFREDO ORNELAS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas J. Ryan, District Judge.

Judgment of conviction and denial of *Batson* challenge, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Rey Alfredo Ornelas appeals from the district court's order denying his *Batson*[1] challenge raised during the voir dire portion of his jury trial. For the reasons set forth below, we affirm.

## I.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The underlying facts of this case are set out in this Court's opinion in *State v. Ornelas*, 156 Idaho 727, 330 P.3d 1085 (Ct. App. 2014). Following a jury trial, Ornelas was convicted of four counts of lewd conduct with a minor child under sixteen and three counts of sexual abuse of a child under the age of sixteen years. During the voir dire portion of the jury trial, Ornelas made a *Batson* challenge claiming that the State exercised its juror peremptory challenges in a gender-discriminatory manner. This challenge was denied by the district court and Ornelas appealed from that decision. On appeal, we remanded the case to the district court for factual

_____

[1] *Batson v. Kentucky*, 476 U.S. 79 (1986).

1

findings consistent with our opinion as set forth below. On remand, the district court issued a memorandum decision again denying Ornelas' *Batson* challenge. Ornelas appeals from that decision.

## II.

## ANALYSIS

A *Batson* challenge involves a three-part inquiry in order to determine if the exercise of a juror peremptory challenge has occurred in a discriminatory manner. The three-part inquiry proceeds as follows:

> First, a defendant must make a prima facie showing that a peremptory challenge has been exercised on the basis of [gender].[2] Second, if that showing has been made, the prosecution must offer a [gender]-neutral basis for striking the juror in question. Third, in light of the parties' submissions, the trial court must determine whether the defendant has shown purposeful discrimination.

*Ornelas*, 156 Idaho at 732, 330 P.3d at 1090 (citing *United States v. Alanis*, 335 F.3d 965, 967 (9th Cir. 2003) (alterations in original) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 328-29 (2003))). Appellate review of the second step of the *Batson* analysis is reviewed de novo. *Ornelas*, 156 Idaho at 732, 330 P.3d at 1090. When we review a trial court's decision under the third step of the *Batson* analysis, that decision will only be overturned if the trial court's findings are "clearly erroneous in light of the facts as a whole." *Id. See also State v. Araiza*, 124 Idaho 82, 87, 856 P.2d 872, 877 (1993); *State v. Foster*, 152 Idaho 88, 92, 266 P.3d 1193, 1197 (Ct. App. 2011). Factual findings are clearly erroneous "only when unsupported by substantial and competent evidence." *State v. Kinser*, 141 Idaho 557, 560, 112 P.3d 845, 848 (Ct. App. 2005); *State v. Thomas*, 133 Idaho 682, 686, 991 P.2d 870, 874 (Ct. App. 1999). It is the third step of the *Batson* inquiry that is at issue in this appeal.

In the first appeal, we determined that Ornelas satisfied the second step because the State did not strike Juror 24 with a solely gender-neutral purpose as the prosecutor offered both "permissible" and "impermissible" reasons for striking Juror 24. During voir dire, the State exercised its peremptory challenges and struck Juror 24, who is a male. The State argued that this juror was excused due to his age (twenty-four years old), his lack of life experiences, and the concern that he would be unable to identify with the victims because his child was only one year old. These are considered permissible grounds for the State to exercise a peremptory challenge

---

[2]    In the first appeal, the State did not challenge that Ornelas had met his burden for the first step of the *Batson* inquiry.

because these statements, on their face, do not invoke race or gender. However, the prosecutor also indicated that a peremptory challenge was used to remove Juror 24 in order to empanel an additional female on the jury, and this statement is at issue in the *Batson* challenge because on its face, it invokes gender as the basis for striking the juror from the jury panel. This is considered an impermissible basis under the *Batson* analysis. Because we determined that striking Juror 24 was based on both permissible and impermissible grounds, the second step of the analysis was satisfied.

We determined that in a case such as this, where there are both permissible and impermissible reasons presented to strike a juror and the second *Batson* step is satisfied, the analysis must continue to the third *Batson* step. The third step requires the district court to determine "if the peremptory strike was motivated in substantial part by discriminatory intent." *Ornelas*, 156 Idaho at 737, 330 P.3d at 1095. We held that "if the peremptory strike was motivated in substantial part by discriminatory intent, the challenger has met his burden of showing purposeful discrimination." *Id*. At this stage of the analysis, the district court must determine whether the prosecutor's explanations are credible, and the "proffered rationale has some basis in accepted trial strategy." *Miller-El*, 537 U.S. at 339. The district court can consider various kinds of evidence to determine whether the prosecutor has acted with discriminatory intent, including a comparison of the jurors' responses to voir dire questions, voir dire notes, as well as the prosecutor's recollection of the characteristics of a specific juror such as "attitude, attention, interest, body language, facial expression and eye contact." *See People v. Lenix*, 44 Cal. 4th 602, 622, 187 P.3d 946, 961 (2008). That is, when a court engages in the comparative juror analysis, it should do so with an inclusive record. *Id*. at 624, 187 P.3d at 962.

Ornelas argues, on appeal, that the district court's decision fails to give adequate weight to the prosecutor's statement that Juror 24 was struck in order to empanel an additional female on the jury. While this impermissible statement is one factor in the district court's analysis, we do not find that statement to be dispositive given the expectation that the court will rely on an inclusive record to make a finding under this third step of the *Batson* analysis.

On remand, the district court considered the following information: (1) a list of jurors present at voir dire; (2) notes from the jury selection process, including the peremptory strikes of both parties; (3) a transcript of the voir dire proceeding; (4) an affidavit from the prosecutor; and (5) briefing by both the State and Ornelas regarding the comparative juror analysis.

3

The district court engaged in the comparative juror analysis and made the following factual findings:

> There were four female jurors that served in this case. Juror 7, a bookkeeper, age sixty one (61) with two adult children ages forty-three (43) and forty-one (41); juror 134, age sixty eight (68) who was retired and had no children; juror 167, a tutor, age forty-two (42) with three children between the ages of fifteen (15) and nineteen (19); and juror 72, a home organizer, age thirty-nine (39), with three children between the ages of nine (9) and thirteen (13).

> None of the three stated "permissible" reasons given for using a peremptory challenge on male juror 24 appear to apply to the four female jurors left on the panel. Stated differently, the females on this panel are much older than juror 24, are likely to have had many more life experiences and in the case of three of the females, they each had children that were at or had passed through their teenage years.

> Of the six male jurors that were stricken by the prosecuting attorney by use of her peremptory challenges, four of the males had no children. Of the two that did have children, one was juror 24 with a one-year-old child and the other juror had two children, ages seven (7) and one (1). Three of the stricken males were in their twenties. The three older men had no children. The "permissible" reasons identified by the prosecuting attorney for using the peremptory challenges (youthful age; lack of life experiences; and no children of similar age to the victims) can before found in at least one instance for each of the other excluded males.

> It is also noteworthy that the prosecuting attorney waived half of the twelve peremptory challenges available to her. A review of Exhibits 1 and 2 reveal that at least eight of the thirteen unselected jurors left on the panel in the struck jury system utilized by the Court were female. If prosecuting attorney indeed wanted to stack the jury with females, use of those peremptory challenges against the males left on the jury panel would surely have achieved that result. The fact that the prosecutor waived so many of her peremptory challenges is what convinces this Court of the credibility of the permissible reasons she gives to oppose the *Batson* challenge.

The district court determined that the record did not include evidence that the State acted with purposeful discrimination and that it could not find that Juror 24 was excluded "*in substantial part* by gender or discriminatory intent."

The district court found the State's peremptory strike of Juror 24 was not motivated, in substantial part, by gender-discriminatory intent and that finding is supported by the record and is not clearly erroneous. The district court compiled an extensive and inclusive record for its consideration of this issue. The district court compared and analyzed information about the jurors, the jury panel, and the State's stated purposes for striking Juror 24, and we agree with the district court that there is sufficient evidence to support the finding that gender was not a

4

substantial motivating factor for the State's peremptory strike of Juror 24. The district court's decision denying the *Batson* challenge is affirmed.

## III.

## CONCLUSION

The district court's decision that the State's use of a peremptory strike as to Juror 24 was not based, in substantial part, by a gender-discriminatory motive, is not clearly erroneous, and is supported by substantial and competent evidence. We affirm the district court's judgment of conviction and memorandum decision and order denying Ornelas' *Batson* challenge.

Judge GUTIERREZ and Judge GRATTON **CONCUR**.