**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45593**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: January 30, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) |
| MIRANDA RIANNA REEDER, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment of conviction for one count of felony possession of a controlled substance and one count of misdemeanor possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Miranda Rianna Reeder appeals from her judgment of conviction for one count of felony possession of a controlled substance and one count of misdemeanor possession of a controlled substance. Reeder challenges the district court's order denying her motion to suppress. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

At approximately 1:30 a.m., an officer noticed a vehicle parked on the side of the road with its lights off and its engine running. The officer parked his patrol car approximately twenty feet behind the vehicle, but did not activate the patrol car's overhead lights or sirens. When the officer approached the vehicle, he saw two occupants inside who appeared to be sleeping or

1

passed out; the passenger was later identified as Reeder. The officer waited for a backup officer before making contact with the vehicle's occupants. After the backup officer arrived, he tapped on the window on the passenger side of the car while the first officer asked the driver if he could roll down the window. When the driver indicated the window was broken, the officer asked the driver if he could open the door. The officer smelled the odor of marijuana within seconds of the driver opening the door. During a subsequent search of Reeder and her purse, the officer discovered heroin, marijuana, and paraphernalia.

The State charged Reeder with felony possession of a controlled substance (heroin), misdemeanor possession of a controlled substance (marijuana), and possession of paraphernalia. Reeder filed a motion to suppress, alleging she was unlawfully seized. The district court denied Reeder's motion. Reeder thereafter entered a conditional guilty plea to the two possession of a controlled substance charges, reserving her right to challenge the denial of her motion to suppress, and the State dismissed the paraphernalia charge. Reeder appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Reeder contends that the district court erred in denying her motion to suppress, asserting the district court's decision was based on an erroneous factual finding regarding the tone of the officer's statements and an erroneous legal conclusion regarding the nature of the encounter. The State responds that Reeder has failed to show clear error in the district court's factual finding and that the district court correctly concluded "the driver's initial contact with police was

consensual and not a seizure." Reeder has failed to show error in the district court's factual finding or its conclusion that Reeder was not entitled to suppression.

The Fourth Amendment to the United States Constitution, and its counterpart, Article I, Section 17 of the Idaho Constitution, guarantee the right of every citizen to be free from unreasonable searches and seizures. However, not all encounters between the police and citizens involve the seizure of a person. *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968); *State v. Jordan*, 122 Idaho 771, 772, 839 P.2d 38, 39 (Ct. App. 1992). Only when an officer, by means of physical force or show of authority, restrains the liberty of a citizen may a court conclude that a seizure has occurred. *State v. Fry*, 122 Idaho 100, 102, 831 P.2d 942, 944 (Ct. App. 1991). A seizure does not occur simply because a police officer approaches an individual on the street or other public place, by asking if the individual is willing to answer some questions, or by putting forth questions if the individual is willing to listen. *Florida v. Bostick*, 501 U.S. 429, 434 (1991); *Florida v. Royer*, 460 U.S. 491, 497 (1983). Unless and until there is a detention, there is no seizure within the meaning of the Fourth Amendment and no constitutional rights have been infringed. *Royer*, 460 U.S. at 498. Even when officers have no basis for suspecting a particular individual, they may generally ask the individual questions and ask to examine identification. *Fry*, 122 Idaho at 102, 831 P.2d at 944. So long as police do not convey a message that compliance with their requests is required, the encounter is deemed consensual and no reasonable suspicion is required. *Id.* Only when an officer, by means of physical force or show of authority, restrains the liberty of a citizen may a court conclude that a seizure has occurred. *Id.* Importantly, the critical inquiry is whether, taking into account all of the circumstances surrounding the encounter, the police conduct would have communicated to a reasonable person that he or she was not at liberty to ignore the police presence and go about his or her business. *Bostick*, 501 U.S. at 436.

The United States Supreme Court, in *United States v. Mendenhall*, 446 U.S. 544, 554 (1980), stated:

> Examples of circumstances that might indicate seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled.

3

Other circumstances that may indicate a seizure include whether an officer used overhead emergency lights or took action to block a vehicle's exit route. *State v. Willoughby*, 147 Idaho 482, 487-88, 211 P.3d 91, 96-97 (2009); *State v. Schmidt*, 137 Idaho 301, 302-03, 47 P.3d 1271, 1272-73 (Ct. App. 2002); *Fry*, 122 Idaho at 103, 831 P.2d at 945.

The following facts were found by the district court. At approximately 1:30 a.m., an officer found a vehicle parked on the side of the road. The vehicle was running, but its lights were off. The driver and passenger inside the vehicle were "slumped over to the side." The officer called for backup. After the backup officer arrived, the backup officer tapped on the vehicle's window and the first officer said: "Post Falls police. Can you roll your window down, please?" The driver responded by explaining that the window was broken, to which the officer replied: "Can you open the door?"[1] The district court found that the inflection in the officer's voice was more consistent with a question than a command and that the driver opened the door consensually. The officer smelled marijuana "within seconds" of the door opening. Based on these findings, the district court denied Reeder's motion to suppress.

Reeder raises two challenges to the district court's decision. First, Reeder argues that the district court made an erroneous factual finding when it determined that the officer's "statement was a question, not a command." Second, Reeder argues that the district court erred in finding the encounter consensual because a reasonable person in her position would not feel at liberty to ignore the officer and terminate the encounter. We will address each argument in turn.

First, the district court's factual finding that the inflection in the officer's voice was more consistent with a question than a command was not clearly erroneous. Findings are clearly erroneous only when unsupported by substantial and competent evidence. *State v. Kinser*, 141 Idaho 557, 560, 112 P.3d 845, 848 (Ct. App. 2005). The evidence presented at the suppression hearing included the officer's testimony and the video exhibit of the encounter. The district

---

[1]  Reeder does not directly challenge the district court's factual findings regarding what the officer said upon making contact with the driver, but notes that the video of the encounter, which was admitted as an exhibit, reflects that the officer said "Post Falls PD" rather than "Post Falls police" and said "Can you roll your window down for me please?" rather than "Can you roll your window down, please?" Reeder is correct regarding the precise language used by the officer, but the differences identified between the district court's factual findings and the video exhibit do not change our analysis.

4

court stated it "paid particular attention to the tone" of the officer's voice and concluded that the officer's request that the driver roll down his window was a question and that the driver's act of opening the door was consensual. In making this finding, the district court considered the officer's testimony at the suppression hearing as well as other statements the officer made on the video recording. The officer's testimony included explaining that his "tone" was "audible enough to be heard through the window, but it wasn't demanding in any way." The video exhibit supports this description and the district court's characterization of the officer's tone. Thus, there was substantial and competent evidence to support the district court's factual finding. That Reeder's assessment of the officer's tone is different than the district court's does not demonstrate clear error based upon a lack of substantial and competent evidence.[2]

Second, the district court's conclusion that suppression was not warranted in this case was correct. On this point, we first note that the evidence presented to the district court centered on the officer's interaction with the driver of the vehicle and not on any specific interaction with Reeder. It is well-established that a traffic stop of a vehicle and detention of its driver is generally a detention of any passengers such that passengers have standing to contest the reasonableness of the detention. *See State v. Gutierrez*, 137 Idaho 647, 650, 51 P.3d 461, 464 (Ct. App. 2002). However, the detention in this case was not the result of a traffic stop. While the officer's interaction with the driver is relevant as part of the totality of the circumstances surrounding the encounter, the Fourth Amendment question in this case is whether the police conduct would have communicated to a reasonable person in Reeder's position that she was not at liberty to ignore the police presence and go about her business. *See Bostick*, 501 U.S. at 436. Reeder argues that no reasonable person in her position would have believed she was free to

---

[2]    Recently, in *State v. Andersen*, 164 Idaho 309, 312, 429 P.3d 850, 853 (2018), the Idaho Supreme Court indicated that, in the "unusual situation" where the parties at a suppression hearing stipulate to have the district court decide the issue based solely on exhibits (such as a transcript and video) without the presentation of live testimony, the appellate court does "not extend the usual deference to the district court's evaluation of the evidence." We do not read this modified standard of review as eliminating the traditional deference to a district court's factual findings regarding tone when evaluating the totality of the circumstances surrounding an alleged seizure where, as here, the appellate court does not have "exactly the same evidence before it as was considered by the district court." *Id.* Indeed, the Court in *Andersen* was clear that it is only in the limited circumstances where the evidence is "exactly the same" that free review is appropriate. *Id.*

5

terminate the encounter following the officer's "command" to the driver to roll down the window and "order" to open the door because she "would have been unable to open [her] door without forcing the officer to move or hitting the officer with the door." Reeder further argues "it would be unreasonable to believe a passenger--having been transported to that location by the driver--would be free to abandon the vehicle and go about her business" because the passenger "would not have immediate transportation" and "would be effectively stranded in the officer's presence." There are two flaws in Reeder's argument. The first flaw is that the argument ignores the district court's finding that the officer's statements were questions, not commands.

The second flaw in Reeder's argument is that it is partly based on evidence that was not presented to the district court. It was Reeder's burden to show she was seized. *See State v. Cardenas*, 143 Idaho 903, 907, 155 P.3d 704, 708 (Ct. App. 2006). The district court did not make any findings regarding the backup officer's position in relation to the passenger door, how Reeder came to be a passenger in the car, or whether she would be "stranded" if she decided to get out of the car and walk away. Presumably, the district court did not make findings of this nature because the officer, who was the only witness who testified at the suppression hearing, was not asked about these details, nor are these details apparent from the portions of the video exhibit presented to the district court. Although the entirety of the video was admitted as an exhibit pursuant to stipulation, Reeder did not play any portion of the video at the suppression hearing. The State played a brief portion of the video, up to approximately minute 1:22, which is when the driver opened the door and the officer smelled marijuana. In its findings, the district court noted it reviewed the video "to the extent it was played in court." While the video reflects Reeder telling the officer, at approximately minute 2:40, that the driver picked her up from her mom's house, Reeder did not play this portion of the video at the suppression hearing or argue to the district court that this was evidence that a reasonable person in her position would not feel free to leave due to a lack of transportation. Moreover, Reeder did not make that statement to the officer in the context of explaining an inability to leave. Rather, Reeder made the comment when she and the driver were explaining that they were waiting to see if they could stay the night at the driver's mom's house who the driver reported lived directly across the street from where they were parked. To the extent Reeder's argument is predicated on a theory not presented to the district court, we will not consider it on appeal. Appellate court review is limited to the

6

evidence, theories, and arguments that were presented below. *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017). Even considering the totality of the evidence presented, we conclude that the circumstances surrounding the initial encounter between Reeder and the officers show it was consensual. The officers could lawfully engage the occupants of the vehicle, and the officer's requests to the driver to roll down the window and open the door did not convey a message that Reeder was not free to leave. *See State v. Zubizareta*, 122 Idaho 823, 827, 839 P.2d 1237, 1241 (Ct. App. 1992) (concluding the driver of a car was not seized when an officer walked up to his car, tapped on the window, and engaged the driver in brief conversation). Nor was there any evidence presented that Reeder was "trapped" by virtue of her status as a passenger. Once the driver opened the door, the odor of marijuana gave the officers reasonable suspicion to detain the driver and Reeder. *Compare with State v. Pieper*, 163 Idaho 732, 735, 418 P.3d 1241, 1244 (Ct. App. 2018) (concluding that initial consensual encounter with occupants of a parked vehicle evolved into a detention based on reasonable suspicion when the officers saw marijuana in plain view within seconds of making contact).

Based on the totality of the circumstances, the district court did not err in its conclusion that the encounter between Reeder and law enforcement was consensual up until there was reasonable suspicion that Reeder possessed marijuana. The district court did not err in denying Reeder's motion to suppress.

## IV.
## CONCLUSION

The district court correctly concluded the initial encounter between Reeder and law enforcement was consensual. Reeder was not detained until there was reasonable suspicion that she possessed marijuana. Therefore, Reeder has failed to show the district court erred in denying her motion to suppress. Accordingly, Reeder's judgment of conviction for one count of felony possession of a controlled substance and one count of misdemeanor possession of a controlled substance is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.