# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 47162

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

HEATHER ROCHELLE COX,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: November 19, 2020

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Judgment of conviction for possession of a controlled substance and possession of drug paraphernalia, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Chief Judge

Heather Rochelle Cox appeals from her judgment of conviction for felony possession of a controlled substance and misdemeanor possession of drug paraphernalia. Cox argues the district court erred by denying her motion to suppress because the court's factual finding that Cox's car did not stop before exiting the parking lot, as required by Idaho Code § 49-651, was clearly erroneous; therefore, reasonable and articulable suspicion did not exist to support the traffic stop. In response, the State contends the district court's finding that Cox did not stop was supported by substantial and competent evidence. Because the district court's finding is supported by substantial and competent evidence, the district court did not err in denying Cox's motion to suppress and the judgment of conviction is affirmed.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

While on patrol late one evening, Officer Mauri and Officer Boardman each parked their patrol cars so they could watch a local motel known by the officers for drug activity. Both officers reported they observed a silver Dodge Nitro and a yellow Ford Mustang exit the motel's parking lot in reverse, neither of which came to a stop before entering the public street. Mauri executed a traffic stop on the Mustang and identified the driver as Cox. Cox appeared nervous and admitted to Mauri that she was under the influence of marijuana. Boardman arrived to assist with the investigation and informed Mauri that he smelled marijuana coming from the passenger compartment of the car. During the subsequent search of the car, Boardman found drug paraphernalia and, consequently, Mauri placed Cox under arrest. Mauri discovered additional drug paraphernalia and a plastic bag containing a white, crystalline substance during a search of Cox incident to her arrest.

Based on the controlled substances and paraphernalia found during the search, the State charged Cox with felony possession of a controlled substance and misdemeanor possession of drug paraphernalia. Cox filed a motion to suppress all evidence obtained during and after the traffic stop. Cox argued that she came to a complete, momentary stop before exiting the parking lot and, therefore, Mauri did not have legal justification to execute the traffic stop.

During the suppression hearing, a video of the event taken by Mauri's dashboard camera was admitted and both Mauri and Boardman testified. Each officer testified that although he initially reported that neither the Nitro, nor the Mustang, came to a stop prior to exiting the parking lot, after watching the video, he believed the Nitro did stop before entering the roadway. However, the officers testified that their opinions as to the Mustang remained unchanged because, after watching the video, they believed the Mustang did not stop before exiting the parking lot.

The district court made several findings relevant to this appeal. First, the district court explained that I.C. § 49-651 requires a vehicle to come to a stop which, pursuant to I.C. § 49-120(25), "means the act of or complete cessation from movement" before driving onto the sidewalk that separates the parking lot from the public street. Second, after reviewing the video, the district court found Cox's car "did not come to a complete cessation of movement" and instead, "carefully and slowly crossed the sidewalk" onto the public street. Third, the district

court found the testimony of Mauri and Boardman supported this conclusion, even though the officers had been wrong about their observations of the Nitro. Therefore, the district court held that Cox did not obey traffic laws by coming to a stop before exiting the parking lot, and the violation occurred in the presence of Mauri; thus, Mauri had reasonable and articulable suspicion to execute the traffic stop. Accordingly, the district court denied Cox's motion to suppress.

Cox filed a motion to reconsider the denial of her motion to suppress, arguing the district court should find that a momentary halt of a vehicle constitutes a stop under I.C. § 49-651 and, alternatively, that the statute violates due process by failing to give adequate notice of what constitutes a stop. After a hearing, the district court found that the statute requires a complete cessation of movement and Cox did not comply prior to exiting the parking lot. The district court did not address the due process claims.[1] Thus, the district court denied Cox's motion to reconsider.

A jury found Cox guilty of possession of a controlled substance and possession of drug paraphernalia. Cox filed a motion for judgment of acquittal or, in the alternative, a motion for a new trial, and the district court denied the motion. The district court imposed a fine for the drug paraphernalia conviction. The district court granted a withheld judgment for the controlled substance conviction, and placed Cox on probation for two years.[2] Cox timely appeals.

## II.

### STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

---

[1] On appeal, Cox does not challenge the district court's interpretation of the statute or the lack of ruling on the due process claims.

[2] After Cox violated the conditions of her probation, the district court set aside the withheld judgment and imposed a sentence of four years, with two years determinate.

3

# ANALYSIS

Cox asserts the district court erred when it denied her motion to suppress.  Cox alleges the district court's factual finding that her car did not stop was clearly erroneous because the dash camera video shows her coming to a stop before entering the roadway; therefore, Mauri did not have reasonable suspicion that a traffic violation occurred as required to initiate a traffic stop under the Fourth Amendment.  Further, Cox argues the district court's determination that the officers' testimony was credible was undermined by the officers' admitted erroneous belief that the Nitro did not stop before exiting the parking lot.  In response, the State alleges the district court's finding that Cox did not stop before exiting the parking lot is supported by substantial and competent evidence because the dash camera video is dispositive; and to the extent the video is inconclusive, the credibility of the officers' testimony is for the district court to decide.

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures.  *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996).  Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws.  *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998).  The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop.  *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999).  The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer.  *Id*.  An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training.  *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

Idaho Code § 49-651 requires vehicles emerging from a private road or driveway to stop before proceeding across the sidewalk area or highway:

> The driver of a vehicle emerging from an alley, building, private road or driveway within a business or residential district shall stop the vehicle immediately prior to driving onto a sidewalk or onto the sidewalk area extending across the alley, building entrance, or driveway, or in the event there is no

sidewalk area, shall stop at the point nearest the highway to be entered where the driver has a view of approaching traffic.

The word "stop" as utilized in the statute is defined as "the act of or complete cessation from movement." I.C. § 49-120(25). Thus, for a driver to act in compliance with I.C. § 49-651, her vehicle must completely cease any movement before exiting a private parking lot and before crossing a sidewalk or entering a public street.

Here, the district court found that Cox's car did not stop before exiting the parking lot. Findings are clearly erroneous only when unsupported by substantial and competent evidence. *State v. Kinser*, 141 Idaho 557, 560, 112 P.3d 845, 848 (Ct. App. 2005). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Green*, 149 Idaho 706, 708, 239 P.3d 811, 813 (Ct. App. 2010) (internal quotations removed). Findings of fact that are supported by substantial and competent evidence are not clearly erroneous, even if conflicting evidence exists in the record. *State v. Moore*, 164 Idaho 379, 383, 430 P.3d 1278, 1282 (2018).

The evidence presented at the suppression hearing consisted of the dash camera video and the testimony of the two officers who were at the scene. The district court indicated that it watched the video and found that instead of coming to a stop by completely ceasing any movement, Cox's car "carefully and slowly crossed the sidewalk" onto the public street. The district court also concluded that despite the officers' initial incorrect conclusion about whether the Nitro had stopped, the officers credibly believed that Cox's car did not stop before crossing the sidewalk. A review of the dash camera video, in addition to the officers' testimony, supports the district court's conclusion that Cox's car did not stop before exiting the parking lot and crossing the sidewalk. That Cox views the dash camera video and assesses the officers' credibility differently than the district court does not demonstrate clear error based upon a lack of substantial and competent evidence.

The dash camera video and the officers' testimony provides substantial and competent evidence to support the district court's factual finding that Cox's car did not stop before exiting the parking lot. As a result, the district court did not err in finding that Mauri had reasonable and articulable suspicion that Cox drove contrary to traffic laws at the time Mauri executed the traffic stop. Accordingly, the district court did not err in its denial of Cox's motion to suppress.

## IV.

## CONCLUSION

The district court's finding that Cox's car did not stop prior to exiting the parking lot, as required by I.C. § 49-651, is supported by substantial and competent evidence. Because reasonable and articulable suspicion supported the traffic stop, the stop did not violate Cox's Fourth Amendment rights. Accordingly, the district court did not err in its denial of Cox's motion to suppress. The judgment of conviction is affirmed.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.